## Commonwealth *v.* Ciccone, Appellant.

*Criminal law—Gambling—Sentence—Resentence for same offense—Illegality.*

A court may suspend a judgment over a criminal in toto, until another term, but has no power to impose two sentences for a single offense by imposing a fine and, at a later term, superadding imprisonment.

On a plea of nolle contendere to an indictment, charging the defendant with running a gambling establishment, the court pronounced a sentence of a fine of $500 and destruction of the gambling paraphernalia, and forfeit of $20 to the county. At a subsequent term of court, defendant was sentenced to pay a fine of $1 and costs of prosecution and to undergo imprisonment for 11 months and 29 days.

224, (1924),] Statement of Facts—Assignment of Error.

*Held:* that the latter judgment was a second sentence for the same offense, and defendant was discharged.

Argued October 7, 1924. Appeal, No. 19, April T., 1925, by defendant, from judgment of Q. S. Lawrence Co., June Sessions, 1923, No. 86, on verdict of guilty in the case of Commonwealth of Pennsylvania v. John Ciccone. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Indictment for maintaining a gambling establishment. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

From the record it appeared that the defendant was sentenced on the 30th day of June, 1923, as follows:

"To pay a fine of Five Hundred ($500) Dollars, as per the terms set forth below, and the paraphernalia to be destroyed and Twenty Dollars and four cents ($20.04) to be forfeited to the county, and the imposition of sentence is suspended and he is placed on probation for a period of three years."

Subsequently a process was issued on April 23, 1924, by R. L. Hildebrand, District Attorney, and the same day the defendant, John Ciccone, was brought in and sentenced as follows:

"To pay a fine of One ($1) Dollar to the Commonwealth, pay the costs of prosecution and undergo imprisonment in the Allegheny County Workhouse for and during a period of eleven (11) months and twenty-nine (29) days, to be computed from this date, there to be kept, fed, clothed and treated as the law directs, and stand committed until the sentence is complied with." Defendant appealed.

*Errors assigned* were in refusing to grant a rule permitting the defendant to show that he had not violated his parole, and in imposing a second sentence.

*A. Maston Graham,* of *Cunningham & Graham,* and with him *T. W. Dickey* and *S. L. Clark,* for appellant.— The court may suspend judgment over a criminal in toto, until another term, but has no power to impose two sentences for a single offense by imposing a fine and later superadding imprisonment: Com. v. Ketner, 92 Pa. 372; Com. v. Perkins, 124 Pa. 36; U. S. v. Pile, 130 U. S. 280; Com. v. Foster, 122 Mass. 317; Com. v. Mayloy, 57 Pa. 291; Com. v. Nuber, 6 Pa. Superior Ct. 420; Com. v. Hamel, 44 Pa. Superior Ct. 464.

*R. L. Hildebrand,* District Attorney, for appellee, cited: Com. v. Fox, 69 Pa. Superior Ct. 458; Com. v. Miller, 63 Pa. Superior Ct. 551.

OPINION BY LINN, J., December 12, 1924:

Appellant contends that the sentence imposed at April term, 1924, is illegal because he had already been sentenced for the same offense at June term, 1923.

He pleaded nolle contendere to an indictment charging him with maintaining a gambling establishment (section 55 of the Act of March 31, 1860, P. L. 397). On that plea the judgment of the court was announced on June 30, 1923. He was ordered to pay the costs, and a fine of $500; his gambling paraphernalia was ordered destroyed and he was required to forfeit $20 to the county; he was placed on probation for three years, the "supervision of his conduct" being entrusted to a probation officer; other conditions not now material were imposed. At a subsequent term, in 1924, the district attorney moved for process to bring appellant into court for sentence, upon the ground that "he has violated his parol ...... [in respects specified]." The motion was granted, appellant was brought in, and was sentenced to pay a fine of $1, the costs of prosecution, and to imprisonment for 11 months, 29 days. Appellant contends that was a second sentence.

The district attorney contends that appellant was not sentenced at June term, 1923, but that on the contrary the order then entered was authorized by the Act of June 19, 1911, P. L. 1055, providing for the release on probation of certain persons instead of imposing sentence, etc.

At June term, 1923, the court had the option of proceeding under the Act of 1911, or of imposing sentence under the section of the Act of 1860, for violation of which he was indicted, and which provided that a defendant shall "on conviction be sentenced to pay a fine not exceeding $500 and undergo imprisonment not exceeding one year." Appellant now says that the judgment at June term was such a combination of the two as to result in a sentence under the Act of 1860 with superfluous additions under the Act of 1911. We are constrained to accept that conclusion. It will be observed that he was ordered to pay the costs of prosecution and a fine of $500. The Act of 1911 contains no provision for fining a person, except in the second section and that is not applicable.

The district attorney states that the learned court below did not mean to impose a fine within the real meaning of the word, but merely to make the payment of $500 one of the conditions of the release on probation. We must, however, take the record as it stands. A fine is a pecuniary punishment imposed by a court for an offense. By the Act of 1860 the court had the power to fine and to imprison; having done either, the power to resentence expired with the term. Since the decisions in Com. ex rel. Wilhelm v. Morgan, 278 Pa. 395, and in Com. v. Fox, 69 Pa. Superior Ct. 456, the power of a court to proceed under the Probation Act of 1911 is well understood, though we observe that while the act provides that the length of the period of probation shall not exceed the maximum for which the defendant might have been imprisoned, the probationary period in the case at bar was longer than the maximum term of per-

mitted imprisonment.    While the Act of 1911 permits the imposition of conditions for release on probation, the Act of 1860 provides for unconditional sentence,—for a fine not exceeding $500 and imprisonment not exceeding one year.

Appellant was fined $500 and paid it, and while he was not then imprisoned, the term of court had expired when the second sentence adding imprisonment was imposed.    He is within his rights in now insisting that he could not then be resentenced.    "A court may suspend the judgment over a criminal, in toto, until another term, but has no power to impose two sentences for a single offense by imposing a fine and at a later term superadding imprisonment: Com. v. Mayloy, 57 Pa. 291; Com. v. Nuber, 6 Pa. Superior Ct. 420": Com. v. Hamel, 44 Pa. Superior Ct. 464.

The judgment is reversed and the record remitted with instructions to discharge appellant in this case.