Commonwealth ex rel. Saeger, Appellant, *v.*
Dressell.

Argued March 23, 1953. Before RHODES, P. J., HIRT, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Theodore R. Gardner,* for appellant.

*M. Jack Morgan,* District Attorney, for appellee.

OPINION BY GUNTHER, J., July 14, 1953:

Relator was charged with operating a motor vehicle while under the influence of intoxicating liquor. He entered a plea of nolo contendere, and on January 7,

1953, the Court of Quarter Sessions of Lehigh County pronounced sentence: "Eo Die, the sentence of the Court is that you, John O. Saeger, pay a fine of $300.00, pay the costs of prosecution and be placed in the Institute of the Pennsylvania Hospital, at 111 North 49th Street, Philadelphia, Pennsylvania, under the care and treatment of Dr. Kenneth Appel and to remain there until the further order of this Court and further sentence is deferred meanwhile." Relator paid the fine and costs on that same day. On January 28, still within the January Sessions, relator was again brought before the court and this sentence was entered: "Now, January 28, 1953, the sentence heretofore entered on January 7th, 1953, is revoked and, in lieu thereof, the sentence of the Court is that you, John O. Saeger, pay a fine of $300.00, pay the costs of prosecution and undergo imprisonment in the Lehigh County Prison for a period of ninety (90) days, . . ." Relator petitioned the Court of Common Pleas of Lehigh County for a writ of habeas corpus. After a hearing, the petition was denied and relator appealed.

Both the learned court below and the District Attorney of Lehigh County, representing appellee, concede that that portion of the court's sentence of January 7 by which further sentence was indefinitely postponed is void and of no effect. *Commonwealth v. Peterson*, 172 Pa. Superior Ct. 341, 94 A. 2d 582, and cases cited therein.

"The power of the court to reconsider and alter its sentence, and even increase the punishment, during the term at which it was pronounced, if nothing has been done under it, is recognized generally in this country. . . But where the sentence has been fully executed the power of the court to subject the defendant to additional punishment, whether by a new sentence or an amendment of the original, is gone." *Com. v. Penna.*

*R. R.*, 41 Pa. Superior Ct. 29, 32, 33; *Com. ex rel. Laughman v. Burke*, 171 Pa. Superior Ct. 343, 348, 90 A. 2d 622; *Ex parte Lange*, 85 U. S. 163, 21 L. Ed. 872.

In its opinion of February 16, 1953, denying relator's petition, the court below referred to *Com. v. Penna. R. R.*, supra, but denied its application to the instant case: "We are, however, still within the term at which Saeger was sentenced and we believe that (under the doctrine of Comm. v. Hottle, 139 Pa. Superior Ct. 128, 133, [11 A. 2d 524, 526]) the Court, while its attempt to defer sentence of imprisonment generally was void, still retained its right *within the term* to impose that part of the penalty, imprisonment, which had not already been imposed and executed." Defendant in the *Hottle* case, cited by the court below, received a sentence of fine and costs, under the provisions of the Act of March 31, 1860, P. L. 382, §52, 18 PS §1561. After they had been paid, but within the same term of court, the sentence was revoked and a capias issued. Defendant was apprehended and a new sentence pronounced, of fine and imprisonment. In affirming the sentence, this Court said: "The appellant contends, however, that the imposition of the fine on September 16, 1937, was the imposition of a sentence and final judgment, and therefore, the court had no power to alter the original sentence by reason of the fact that said sentence had been fully executed upon payment of the fine. There would be considerable force to appellant's contention in this respect, if it were not for the presence of one circumstance which we deem controlling. Bearing in mind that the Act of 1860 calls for a sentence of both fine *and* imprisonment, we call attention to the fact that the term of court, within which the original sentence of fine only had been imposed, had not yet expired at the time when the court below sought to alter that sentence

so as to conform to the requirements of the statute. . . . Insofar, . . . as the court below failed in the first instance to. follow. the penalty prescribed by the Act, it retained the power within the same term of court, to supply the part of the sentence that was lacking with respect to imposing imprisonment."

- It is quite apparent that this Court, in *Com. v. Hottle,* interpreted the Act of 1860 as imposing a mandatory sentence of both fine and imprisonment. We need not here reconsider that interpretation; it is equally apparent that The Vehicle Code, under which the sentence now under review was imposed, provides for the imposition of fine, or imprisonment, or both, according to the discretion of the sentencing tribunal: "Any person violating any of the provisions of [the pertinent subsection] shall be guilty of a misdemeanor, and shall, upon conviction thereof in a court of quarter sessions, be sentenced to pay a fine of not less than one hundred (\$100) dollars and not more than five hundred (\$500) dollars and costs of prosecution, or undergo imprisonment for not more than three (3) years, or suffer both such fine and imprisonment." Act of May 1, 1929, P. L. 905, Art. VI, §620, as amended, 75 PS §231.

Defendant pleaded nolo contendere; he was sentenced; and the sentence was fully executed. "A fine is a pecuniary punishment imposed by a court for an offense." *Com. v. Ciccone,* 84 Pa. Superior Ct. 224, 227. The court retained no control over defendant thereafter, and the attempt to amend the sentence on January 28, 1953, was nugatory.

Order reversed; relator is discharged.

Reno, J., took no part in the consideration or decision of this case.