365 A.2d 1252

**In re John Joseph GARDINI, Appellant.**

Superior Court of Pennsylvania.

Argued April 14, 1976.

Decided Nov. 22, 1976.

John H. English, Asst. Public Defender, Hollidays-burg, for appellant.

Frederick B. Gieg, Jr., Hollidaysburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge.

On November 19, 1975, the appellant, John Joseph Gardini, appeared before the Juvenile Division of the Court of Common Pleas of Blair County and pleaded guilty to a charge of burglary. The lower court adjudicated the appellant, then sixteen years of age, a delinquent child and ordered, *inter alia,* that he pay a fine in the amount of $200 to the Commonwealth of Pennsylvania. The appellant contends that the court below acted without authority in imposing a fine upon him. We agree with this contention and therefore vacate the order of disposition.

Section 50–322 of the Juvenile Act [1] delimits the scope of discretion of a lower court in formulating an order of disposition after finding a child to be delinquent. Specifically, Section 50–322 provides that:

"If the child is found to be a delinquent child the court may make any of the following orders of disposition best suited to his treatment, supervision, rehabilitation, and welfare:

(1) Any order authorized . . . for the disposition of a deprived child. [2]   (2) Placing the child on probation . . . under conditions and limitations the court prescribes.

(3) Committing the child to an institution, youth development center, camp, or other facility for delinquent children operated under the direction or supervision of the court or other public authority and approved by the Department of Public Welfare.

(4) Committing the child to an institution operated by the Department of Public Welfare or special facility for children operated by the Department of Justice.

The Commonwealth argues that Section 50–322 does not limit the lower court to the four listed orders of disposition because of the use of the word "may" in the wording of the statute. This argument is untenable. The Section clearly confines the discretion of the lower court to choosing the most appropriate of the four enumerated orders of disposition in a particular situation. [3] To rule

1. Act of December 6, 1972, P.L. 1464, No. 333, §§ 1–40, 11 P.S. §§ 50–101 to 337 (Supp.1976–77).

2. Section 50–321 of the Juvenile Act enumerates the orders of disposition available to the lower court if it finds a child to be deprived. This Section, like Section 50–322, fails to authorize the lower court to impose a fine upon a juvenile.

3. In so holding, we are also guided by Section 1504 of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1504, which provides:

"In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the

otherwise would not only distort the express provisions of Section 50–322, but also ignore the underlying purpose of the Juvenile Act.[4]

In *Holmes' Appeal,* 379 Pa. 599, 109 A.2d 523 (1954), the Pennsylvania Supreme Court explained that:

> "The proceedings in such a [Juvenile Court] are not in the nature of a criminal trial but constitute merely a civil inquiry or action looking to the treatment, reformation and rehabilitation of the minor child. Their purpose is not penal but protective . . .. The State is not seeking to punish an offender but to salvage a boy who may be in danger of becoming one, and to safeguard his adolescent life. Even though the child's delinquency may result from the commission of a criminal act the State extends to such a child the same care and training as to one merely neglected, destitute or physically handicapped." *Id.* at 603–04, 109 A.2d at 525.

There can be no doubt that the lower court sought to punish the appellant for his actions by fining him. "A fine is a pecuniary punishment imposed by a court for an

directions of the statute shall be strictly pursued, *and no penalty shall be inflicted,* or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect." (emphasis added)

4. Section 50–101(b) states the following purposes for the Juvenile Act:

(1) To preserve the unity of the family whenever possible and to provide for the care, protection, and wholesome mental and physical development of children coming within the provisions of this act;

(2) Consistent with the protection of the public interest, to remove from children committing delinquent acts the consequences of criminal behavior, and to substitute therefor a program of supervision, care and rehabilitation;

(3) To achieve the foregoing purposes in a family environment whenever possible, separating the child from parents only when necessary for his welfare or in the interests of public safety;

(4) To provide means through which the provisions of this act are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced.

342

offense." *Commonwealth ex rel. Saeger v. Dressell,* 174 Pa.Super. 39, 42, 98 A.2d 430, 432 (1953), *quoting Commonwealth v. Ciccone,* 84 Pa.Super. 224, 227 (1924); *Black's Law Dictionary* 759 (4th ed. 1968). We find the penal directive of the lower court to be contrary to the protective procedures prescribed by the Juvenile Act. We therefore reverse the order of disposition of the lower court with a *procedendo.*