371 A.2d 914
**In the Interest of Ernest EVANS, Jr.
(infant), Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 8, 1976.

Decided March 31, 1977.

William F. Ochs, Jr., Public Defender, Reading, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This appeal was taken from an order of the trial court directing appellant, who had been adjudicated delinquent,[1] to be placed on temporary probation to reside with his parents, to pay to the use of Berks County $100.00 and court costs, and to make restitution in an

---

1. The petition filed with the lower court against appellant and four other juveniles averred that appellant and Jerome Williams, another juvenile, conspired to commit theft and attempted to enter a Volkswagen van belonging to another, and that Williams and appellant were in unlawful possession of 14 grams of marijuana. The court dismissed the charge of possession of marijuana, but found Williams and appellant guilty beyond a reasonable doubt of attempted entry of the vehicle. No issues have been raised concerning the adjudicative stage of this proceeding, and only appellant has challenged the order of the court below.

amount determined by consultation between his counsel and the probation office. Appellant challenges this order on the basis that the Juvenile Court has no authority to order a delinquent child to pay a fine, court costs, and to make restitution. The Commonwealth contends, and the court below, WESNER, J., agreed, that the juvenile division can properly promulgate such an order in effectuating rehabilitation of a minor under the Juvenile Act.[2]

Initially, we have no difficulty in disposing of that part of the lower court's order directing appellant to pay $100.00 to the use of Berks County. In *In Re: John Joseph Gardini*, 243 Pa.Super. 338, 365 A.2d 1252 (1976), we held that an order of the Juvenile Division of the Court of Common Pleas of Blair County directing a delinquent child to pay a $200.00 fine to the Commonwealth was beyond the scope of the court's discretion in formulating an order of disposition, and contrary to the protective procedures of the Juvenile Act. By the authority of *Gardini*, we therefore reverse the order of disposition below insofar as it directs appellant to pay a fine.[3]

We now turn to that part of the lower court's order directing appellant to make restitution in an amount determined by consultation between appellant's counsel and the probation office. This court faced the question of the propriety of a juvenile court order placing a delinquent child on probation and ordering restitution in *Trignani's Case*, 148 Pa.Super. 142, 24 A.2d 743 (1942). In *Trignani*, the juvenile appellant was adjudged delinquent for striking a pedestrian with an auto-

---

**2.** Act of December 6, 1972, P.L. 1464, No. 333, §§ 1–40, 11 P.S. §§ 50–101–337 (Supp.1976–77).

**3.** "A fine is a pecuniary punishment imposed by a court for an offense." *Commonwealth ex rel. Saeger v. Dressell*, 174 Pa.Super. 39, 42, 98 A.2d 430, 432 (1953), quoting *Commonwealth v. Ciccone*, 84 Pa.Super. 224, 227 (1924). The lower court's order that appellant pay $100.00 to the use of the county was clearly a fine, regardless of its characterization.

mobile and fleeing the scene of the accident, and ordered to pay $1,040.00 restitution. This court held the order improper, finding that while a juvenile may be placed on probation with reasonable terms, "the terms imposed must be wholly in the interest of the child, looking toward his reformation and not to make good the damages flowing from his illegal act." 148 Pa.Super. at 145, 24 A.2d at 744. Restitution was therefore improper because the order invited further delinquency and in effect bound the appellant to servitude.

While it is unclear whether the terms of the restitution order in the present case were directed to the best interest of Ernest Evans, Jr.,[4] the order directing restitution by appellant must be vacated as beyond the authority of the Juvenile Court.

Restitution is not provided for in the Juvenile Act, but this Commonwealth has an Act imposing liability upon parents for personal injury, theft, destruction, or loss of property caused by the wilful, tortious acts of children under eighteen,[5] and § 2003(a) of the Act provides that in juvenile proceedings, the parents shall be directed to reimburse any injured person, subject to the limitations contained in the Act. The order of the court below improperly directed restitution by the infant appellant, and not his parents. *In Re Bollinger*, 237 Pa.Super. 252, 352 A.2d 118 (1975), relied upon by the court below and the Commonwealth, is not to the contrary. In *Bollinger*, the minor appellant was involved in a collision while driving without a license and charged with leaving the scene of the accident. After an adjudication of delinquency, the minor appellant and her mother were directed to pay restitution to the owner of the other vehicle involved in the

4. The terms of restitution to be worked out between appellant's counsel and the Berks County Probation Office do not appear of record.

5. Act of 1967, July 27, P.L. 186, No. 58, 11 P.S. §§ 2001–2005 (Supp.1976–77).

collision. We reversed the order of the lower court insofar as it imposed liability for restitution, on the basis that since civil liability for the accident was not conceded, the court's order directing restitution circumvented the normal course of civil litigation. While it is true that restitution may be ordered when the injury or damage results from the juvenile's "wilful, tortious" conduct,[6] we specifically pointed out in *Bollinger* that

> "The new act does permit the juvenile court to order *a parent* to pay restitution under certain circumstances . . .." 237 Pa.Super. 252, 256, 352 A.2d 118, 120 (emphasis added).

For the foregoing reasons, the order of the court below is vacated insofar as it directed the minor appellant alone to pay restitution.

Finally, we are faced with the propriety of the lower court's order directing Ernest Evans, Jr., to pay court costs. It is fundamental that the right to recover or impose costs in a proceeding must be based on statutory authority, *Application of Smith*, 381 Pa. 223, 112 A.2d 625 (1955); *Commonwealth v. Bricker*, 196 Pa.Super. 362, 175 A.2d 163 (1961), as no costs were allowed in any proceeding at common law. The statutory authority for costs in juvenile cases is found in § 50–333 of the Juvenile Act,[7] which provides:

> "§ 50–333. Costs and expenses for care of child
>
> (a) The following expenses shall be paid one-half by the Department of Public Welfare and one-half by the county, upon certification thereof by the court:
>
> .   .   .   .   .   .   .   .
>
> (3) The expense of service of summons, warrants, notices, subpoenas, travel expense of witnesses, transportation of the child, and other like expenses incurred in the proceedings under this act.

6. Act of 1967, supra, § 3, 11 P.S. § 2003(a).

7. Act of 1972, supra; § 36, 11 P.S. § 50–333.

(b) If, after due notice to the parents or other persons legally obligated to care for and support the child, and after affording them an opportunity to be heard, the court finds that they are financially able to pay all or part of the costs and expenses stated in clauses (1), (2) and (3) of subsection (a), the court may order them to pay the same and prescribe the manner of payment. Unless otherwise ordered, payment shall be made to the clerk of the court for remittance to the person to whom compensation is due, or if the costs and expenses have been paid by the county, to the appropriate officer of the county."

Therefore, court costs under § 50–333(a)(3) may either be paid half by the Department of Public Welfare and half by the county upon certification thereof by the juvenile court, or imposed upon the parents or guardian of the child after notice and hearing. Since neither procedure was followed here, that part of the order below directing Ernest Evans, Jr., to pay costs is vacated.

The order directing appellant to pay $100.00 to the use of Berks County, pay court costs and make restitution is reversed.

VAN der VOORT, J., files a concurring and dissenting opinion.

VAN der VOORT, Judge, concurring and dissenting:

While I agree with the Majority's Opinion insofar as it holds that the lower court went beyond its authority when it ordered that the appellant pay to the use of Berks County $100.00 and court costs, and to make restitution in an amount determined by consultation between his counsel and the probation office, I disagree with the Majority's Order simply reversing the lower court. On our recent decision in the case of *In Re: John Joseph Gardini*, 243 Pa.Super. 338, 365 A.2d 1252 (1976), we held that an order directing a child who had been adjudicated delinquent to pay a fine of $200.00 to the Common-

wealth was improper because it went beyond the scope of the court's discretion in formulating an order of disposition. Similarly in this case, the order directing the appellant to pay a sum of $100.00 to the use of Berks County goes beyond the authority of the lower court and must be vacated.

With respect to the order of the court directing appellant to pay court costs and to make restitution, I would vacate and remand the case to the lower court for a proper disposition consistent with the Act of Dec. 6, 1972, P.L. 1464, No. 333, 11 P.S. § 50–333(b) and the Act of July 27, 1967, P.L. 186, No. 58, 11 P.S. §§ 2001–2005 to determine whether or not the parents of the juvenile should make any restitution and/or pay costs.