378 A.2d 449

**In re Kenneth Bryon GARMAN.**

**Appeal of Kenneth Bryon GARMAN.**

Superior Court of Pennsylvania.

Argued Nov. 9, 1976.

Decided Oct. 6, 1977.

James H. English, Assistant Public Defender, Altoona, for appellant.

Frederick B. Gieg, Jr., Assistant District Attorney, Altoona, submitted a brief for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

 On December 17, 1975, the appellant appeared before the Juvenile Division of the Court of Common Pleas of Blair County and pleaded guilty to a charge of theft by unlawful taking. The lower court adjudicated the appellant a delinquent child and ordered, in part, that the appellant and his parents make restitution in the amount of seventy-five dollars to the complainant. The appellant argues that a juvenile court is without jurisdiction to order a delinquent child to pay restitution for a wilful, tortious act. We agree with this contention and reverse the order of disposition.

In two previous cases, we have held that a juvenile court may not order a delinquent child to pay restitution for a negligent act. *Bollinger Appeal*, 237 Pa.Super. 252, 352 A.2d 118 (1975); *Trignani's Appeal*, 148 Pa.Super. 142, 24 A.2d 743 (1942). We predicated our holding in both *Bollinger* and *Trignani* primarily upon a desire that a juvenile court strictly pursue its statutory mandate to rehabilitate a delinquent child.[1] As this court stated in *Trignani*:

"The original order was improper. In placing a juvenile on probation, a court undoubtedly may impose such terms as will bring home to the minor a realization of the seriousness of his delinquency. But the terms imposed must be wholly in the interest of the child, looking toward his reformation and not to make good the damages flowing from his illegal act. . . . [T]he order in itself indicates that reformation was not its primary purpose. By requiring the minor to make 'restitution through the court' to the injured woman, the court assumed jurisdiction to determine civil liability and to execute its finding. This is not a function of a juvenile court." *Id.* 148 Pa.Super. at 144–45, 24 A.2d at 744–45.

The Commonwealth notes that the instant damages, unlike those in *Bollinger* and *Trignani*, resulted from a wilful, not

1. See Act of December 6, 1972, P.L. 1464, No. 333, § 1, 11 P.S. § 50–101(b) (Supp.1976 77); Preamble to the Act of June 2, 1933, P.L. 1433, § 1, 11 P.S. § 243.

negligent, act. The Commonwealth therefore contends that the underlying rationale of *Bollinger* and *Trignani* is not applicable to the present situation, asserting that the statute entitled "Liability for Acts"[2] impliedly authorizes a juvenile court to order a delinquent child to pay restitution for a wilful, tortious act. We reject this contention.

The "Liability for Acts" statute directs, *inter alia*, that a juvenile court may hold the parents of a minor child liable for damages resulting from that child's wilful, tortious conduct.[3] The statute, however, does not countenance an order by a juvenile court that a delinquent child pay restitution.[4] We reiterate that the *sole* function of a juvenile court is to seek the reformation of the youthful offender, not to punish him for his offense or to secure the satisfaction of civil damages.[5] Recently, in *In Re: John Joseph Gardini*, 243 Pa.Super. 338, 365 A.2d 1252 (1976), the members of this court unanimously held that the discretion of a juvenile court after finding a child to be delinquent is confined to choosing the most appropriate of the four orders of disposi-

2. Act of July 27, 1967, P.L. 186, §§ 1–5, 11 P.S. §§ 2001–2005.

3. Act of July 27, 1967, P.L. 186, § 3, 11 P.S. § 2003(a).

4. The Commonwealth predicates its argument upon Section 2005 of the "Liability for Acts" statute which provides, in pertinent part, that:
> "The liability imposed upon parents by this act shall not limit the common law liability of parents for damages caused by a child and shall be separate and apart from any liability which may be imposed upon the child. . . . Any judgment against a child resulting from a wilful, tortious act for which a parent makes payment under this act shall be reduced by the amount paid by the parent."

In view of the narrowly defined purpose of juvenile court proceedings, this section clearly refers solely to situations where a civil suit results in a determination of liability on the part of a child or where a child is ordered to pay restitution, if statutorily authorized, after a criminal proceeding against him.

5. See *Holmes' Appeal*, 379 Pa. 599, 603–04, 109 A.2d 523, 525 (1954), in which the Pennsylvania Supreme Court explained that:
> "The proceedings in a [juvenile court] are not in the nature of a criminal trial but constitute merely a civil inquiry or action looking to the treatment, reformation and rehabilitation of the minor child. Their purpose is not penal but protective . . . ."

tion enumerated in Section 50–322 [6] of the Juvenile Act.[7] We find our holding in *Gardini* to govern the instant situation. We reverse the order of disposition of the lower court and remand this case to the court below to prepare an order of disposition in accordance with this opinion.

---

6. Act of December 6, 1972, P.L. 1464, No. 333, § 25, 11 P.S. § 50–322 (Supp.1976–77).

7. Act of December 6, 1972, P.L. 1464, No. 333, §§ 1–40, 11 P.S. §§ 50–101 to 337 (Supp.1976–77).