419 A.2d 1224

**In the Interest of Lindsay RYAN, a minor.**

**Appeal of Lindsay RYAN.**

**In the Interest of Vincent LONG, a minor.**

**Appeal of Vincent LONG.**

Superior Court of Pennsylvania.

Argued June 11, 1979.

Filed April 25, 1980.

Reargument Denied July 7, 1980.

434

Raymond R. Williams, Assistant Public Defender, Media, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Media, for appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

SPAETH, Judge:

Each of these appeals, which have been consolidated, is from an order adjudging a child delinquent and placing him on probation subject to certain conditions.

Although differing on details, on their essential facts the two cases on appeal are the same. A child was convicted by a district justice of various summary offenses; he was fined; and he did not appeal. When the child did not pay the fines, the district justice certified the case to the court of common pleas, and a hearing was held. At the hearing, counsel for the child argued that the court should decide, *de novo*, whether the child had committed the summary offenses for which he had been fined. The court, however, ruled that the only issue properly before it was whether the child had failed to pay the fines. Finding that he had, the court adjudicated the child delinquent, and placed him on probation. Appellant Lindsay Ryan was placed on probation on condition "that he make every effort to pay the fine[s]." (6/27/78, N.T. 27)[1] Appellant Vincent Long was placed on

---

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

1. In his brief, counsel for appellant Ryan states that the order from which the appeal was taken was filed on Aug. 15, 1978. Appellant's Brief at 5. We have found no such order in the papers filed with us. So far as we can tell, the court, PRESCOTT, J., entered its order from

probation on condition that he pay the fines at the rate of $15 per week. (10/31/78, N.T. 10)

–1–

■■■ The juvenile court has jurisdiction over children charged with delinquent acts. *In Re Gillen*, 236 Pa.Super. 521, 344 A.2d 706 (1975). The Juvenile Act, Act of July 9, 1976, P.L. 586, No. 142, § 2, eff. June 27, 1978, 42 Pa.C.S.A. § 6302 (Purdon's 1979 Pamphlet), defines "Delinquent act" as follows:

(1) The term means an act designated a crime under the law of this Commonwealth, or of another state if the act occurred in that state, or under Federal law, or under local ordinances.

(2) The term shall not include:

(i) the crime of murder; or

(ii) summary offenses, unless the child fails to pay a fine levied thereunder, in which event notice of such fact shall be certified to the court.

We have no difficulty in construing this provision. Its plain meaning is that the juvenile court may not adjudicate a child delinquent simply because the child has been convicted of a summary offense, but that the court may adjudicate the child delinquent if, upon certification, the court finds (1) that the child has been convicted of a summary offense, (2) has been fined, and (3) has failed to pay the fine.

It will be the Commonwealth's burden to prove each of these three facts. No doubt in the ordinary case that will present no difficulty, for the facts will not be subject to reasonable dispute and will therefore be stipulated to, although sometimes the Commonwealth will be required to offer the district justice's transcript or other documentary proof. Thus in the ordinary case the only real question before the court will be whether it should–not whether it has the power to–adjudicate the child delinquent. For ex-

the bench at the conclusion of the hearing. The Commonwealth has made no issue of when the order was filed, or whether the appeal was timely, and so we shall assume that despite appearances, all is as it should be.

ample, if the evidence is that the child tried to pay the fine but had been unable to because of illness, the court might well decide not to adjudicate the child delinquent.

 We find no merit in appellants' argument that the court must decide *de novo* whether the child committed a summary offense. The argument is without grammatical support; the meaning of the Juvenile Act is plain. *Cf. Vitolins Unempl. Compensation Case*, 203 Pa.Super. 183, 199 A.2d 474 (1964). (It is to be assumed that the legislature uses words in their standard, or accepted, sense.) *Ross Unempl. Compensation Case*, 192 Pa.Super. 190, 159 A.2d 772 (1960). In addition, the fact that the child has committed a summary offense is *res adjudicata* : the child was convicted of the offense by the district justice, and took no appeal. To accept appellants' argument would violate principles of *res adjudicata, see e. g., Catanese v. Scirica*, 437 Pa. 519, 263 A.2d 372 (1970); *Love v. Temple University*, 422 Pa. 30, 220 A.2d 838 (1970),[2] and could only lead to disorder in the courts and contempt or their process. 1 Pa.C.S.A. § 1922(1) (Purdon's Supp. 1964–1978) (The legislature does not intend a result that is "absurd, impossible of execution or unreasonable."). Any child convicted of a summary offense and fined could with impunity refuse to pay the fine. Indeed, if well advised, he *should* refuse to pay the fine. The only consequence of refusal would be that he would be brought before the common pleas court; and that would not be a consequence to be feared, for then the Commonwealth would have

2. Appellants seem to suggest that children are exempt from the doctrine of *res adjudicata*. Thus they say that "[s]ince there is presently no provision for serving an interested adult with a copy of the juvenile's summons or citation [charging the commission of a summary offense], there is a likelihood that its significance will not be appreciated by the juvenile." Appellant Ryan's Brief at 8–9; appellant Long's Brief at 7–8. It may be that the rules regarding summary cases should be amended to provide for notice to a child's parent or guardian or other interested adult. *See* Pa.R.Crim.P., Rules 51–69. However, whether there should be such an amendment is not an issue before us, for there is no evidence that appellants did not appreciate the significance of the proceedings. The rules do not exempt children from their operation, and under the rules, the necessity of an appeal, if a conviction is to be challenged, is clear. Pa.R.Crim.P., Rule 67.

438

to prove all over again that he had committed the summary offense and perhaps it would not be able to (a witness might have disappeared).

Here, in both cases on appeal, the Commonwealth proved (1) that the child had been convicted of summary offenses, (2) that he had been fined, and (3) that he had not paid the fines. In both cases, therefore, the lower court was entitled to adjudicate the child delinquent.

–2–

After adjudicating a child delinquent, the court must enter such order of disposition as is "best suited to [the child's] treatment, supervision, rehabilitation, and welfare." The Juvenile Act, 42 Pa.C.S.A. § 6352(a) (Purdon's 1979 Pamphlet). The orders of disposition available to the court are specified in The Juvenile Act in detail. *Id.* One of the available orders of disposition is as follows:

> Ordering payment by the child of reasonable amounts of money or fines, costs or restitution as deemed appropriate as part of the plan of rehabilitation considering the nature of the acts committed and the earning capacity of the child.

42 Pa.C.S.A. § 6352(a)(5).

Another of the available orders of disposition is as follows:

> Placing the child on probation under supervision of the probation officer of the court . . . , under conditions and limitations the court prescribes.

42 Pa.C.S.A. § 6352(a)(2).

■ Here, in both cases on appeal, the lower court entered an order of disposition authorized by the Juvenile Act. In appellant Lindsay Ryan's case the evidence was that the child was unable to pay the fines that had been imposed on his convictions for summary offenses, but that he was a healthy child who could work. (6/27/78, N.T. 21–23) On this evidence the court stated:

> Lindsay Michael Ryan is adjudged delinquent beyond a reasonable doubt and the action of the Court is to direct that he make every effort to pay the fine and make that part of the Order and he's placed on probation.

(6/27/78, N.T. 27)

In appellant Vincent Long's case the evidence was that the child worked in a warehouse and earned some $96 a week. (10/31/78, N.T. 7–8) The child told the court that he would be able to pay "[a]t least about twenty–five dollars a week, sir." (10/31/78, N.T. 10) The court told the child that it was "not going to ask you to pay that much," and then stated:

> I find him delinquent and I place him in the hands of the Juvenile Court under probation. The terms of probation are that he begin one week from today to pay fifteen dollars and he must pay fifteen dollars per week thereafter.

(10/31/78, N.T. 10).

Appellants have argued that "[e]vidence of the lack of ability to pay should operate as a complete defense, negating the element of intent." Appellant Ryan's Brief at 12; Appellant Long's Brief at 11. We are not sure that we understand this argument. If appellants mean that before requiring a child to pay a fine, the court must determine the child's ability to pay, we agree with appellants. Here, in both cases on appeal, the court made such a determination, and framed its order accordingly.[3]

Affirmed.

3. The Commonwealth has directed our attention to *In the Interest of Evans*, 246 Pa.Super. 430, 371 A.2d 914 (1977), and *In re Gardini*, 243 Pa.Super. 338, 365 A.2d 1252 (1976), as possibly inconsistent with a decision to affirm the orders of the lower court. We find no inconsistency. It is true that *Evans* and *Gardini* held that an order of disposition could not require a delinquent child to pay a fine. However, those cases did not involve summary offenses, but conspiracy to commit theft, *Evans*, and burglary, *Gardini*. Furthermore, they were decided under the former Juvenile Act, Act of Dec. 6, 1972, P.L. 1464, No. 333, § 1 *et seq.*, 11 P.S. § 50–101 *et seq.*, which contained no provision comparable to § 6352(a)(5) of the present Juvenile Act, pursuant to which the orders now before us were issued. (The first of these orders–that in appellant Lindsay Ryan's case–was issued on the first effective day of the present Juvenile Act.) One may surmise that § 6352(a)(5), and also § 6352(a)(6), were enacted in response to *Evans* and *Gardini*.

We recognize that it may be argued that a child should not be subject to being fined even for a summary offense, on the theory that

although minor, a summary offense is nevertheless a crime, and a child should not be involved in the criminal, as distinguished from the juvenile, courts. (Appellants here seem so to argue. *See* footnote 2, *supra.*) However, that argument must be addressed to the legislature, not to us. Moreover, § 6303(b) of the Juvenile Act provides that "[n]o child shall be detained, committed or sentenced to imprisonment by a district justice or a judge of the minor judiciary." Thus, the disposition of a child who fails to pay a fine for committing a summary offense remains, on certification, with the juvenile court. 42 Pa.C.S.A. § 6302.