436 A.2d 685

**In the Interest of Joseph James LEONARDO (Infant).**

**Appeal of Joseph James LEONARDO.**

Superior Court of Pennsylvania.

Submitted March 4, 1981.

Filed Oct. 30, 1981.

Charles B. Coleman, Assistant Public Defender, Reading, for appellant.

George C. Yatron, District Attorney, Reading, for appellee.

Before CERCONE, President Judge, and WICKERSHAM and BROSKY, JJ.

BROSKY, Judge:

On June 30, 1980, a petition captioned "Juvenile Petition" was filed in the Court of Common Pleas of Berks County, Pennsylvania, alleging that Joseph James Leonardo, a minor, committed the following "delinquent acts": unauthorized use of a motor vehicle,[1] a misdemeanor of the second

---

1. 18 P.S. § 3928. Appellant was charged with two distinct and separate acts of unauthorized use.

degree; driving without a license,[2] a summary offense; and driving on the wrong side of the road,[3] a summary offense. The matter came before the Juvenile Court of Berks County in a hearing held July 8, 1980. At the hearing, appellant admitted the charges of unauthorized use, but objected to the juvenile court's jurisdiction to adjudicate the summary charges. We agree with the appellant and therefore reverse. On this point, the following exchange took place.

THE COURT: Now, there has been an admission made, Mr. Baro [District Attorney] as to the unauthorized use charges. Do you wish to proceed with the evidence regarding the summary violations?

MR. BARO: Yes, Your Honor.

THE COURT: I also point out, Mr. Coleman [Public Defender] that since we are now sitting as a Court of Common Pleas and the juvenile matter has been resolved without an issue, the court is open and if you wish to have the public admitted you may do so.

MR. COLEMAN: No, Your Honor, I object to these proceedings?

MR. BARO: What was this?

THE COURT: I simply said that since I'm sitting as the Court of Common Pleas the court is now open. It is not a juvenile proceeding at this point. . . .

The court then proceeded to hear evidence as to the summary charges. At the conclusion of the hearing, the court found, "beyond a reasonable doubt," that Leonardo had committed the acts of unauthorized use. The judge then stated:

I also find from the evidence presented—and now I make this finding as a judge of the Court of Common Pleas . . . that you are guilty of the charge of operating a motor vehicle without being licensed . . . [and] that you drove on the wrong side of the road. . . .

2. 75 Pa.C.S. § 1501.

3. 75 Pa.C.S. § 3301.

The court sentenced Leonardo to pay a $200 fine for driving without a license and a $25 fine for driving on the wrong side of the road. Appellant was also ordered to pay restitution for damages to the automobiles involved. The court also entered an order finding that appellant "is in need of treatment, supervision and rehabilitation" and is taken under the care of the court as a delinquent boy and committed to Bethany Children's Home. . . . " Thereafter, Leonardo appealed his sentences on the summary charges to our court.

The central issue for our determination is whether the lower court acted improperly in hearing the two summary charges.

Appellant contends that the lower court acted improperly in sitting as both a juvenile court and a criminal court.

It is without doubt that juvenile court has jurisdiction over children charged with delinquent acts. *In the Interest of Ryan*, 277 Pa.Super. 433, 419 A.2d 1224 (1980). Under § 6302 of the Juvenile Act,[4] "delinquent act" is defined as follows:

(1) The term means an act designated a crime under the law of this Commonwealth. . .

(2) *The term shall not include* :

(ii) summary offenses. . .

(Emphasis added.)

Therefore, it was improper for the district attorney to have characterized the summary charges as "delinquent acts" and to have filed those charges as part of the juvenile petition.

The court below concedes that, acting as a juvenile court, it was without jurisdiction to hear the summary offenses. However, the court held that by its act of stating that: "[W]e are now sitting as a court of common pleas . . . the court is open and if you wish to have the public admitted, you may do so," the problem of jurisdiction was cured. We do not agree.

4. 42 Pa.C.S. § 6301 et seq.

■ We find that the procedure followed here was improper. Clearly, juvenile proceedings are different in character and purpose from adult criminal proceedings. The stated purpose of the Juvenile Act is to "remove from children committing delinquent acts the consequences of criminal behavior, and to substitute therefor a program of supervision, care and rehabilitation." 42 Pa.C.S. § 6301. The purpose of juvenile proceedings is to seek treatment, reformation and rehabilitation, and not to punish. *In the Interest of Tasseing H.*, 281 Pa.Super. 400, 422 A.2d 530 (1980).

While scholars may disagree with respect to the goals of our criminal justice system, there can be no doubt that at least one of the goals is punishment. It is in this criminal respect that the juvenile system differs from the adult criminal system.

The character of juvenile proceedings differs as well. In *Breed v. Jones*, 421 U.S. 519, 528, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346 (1975), the Supreme Court recognized that the juvenile court system was designed to provide "[a] distinctive procedure and setting to deal with the problems of youth . . . . " One example of this is § 6336, which provides that hearings shall be conducted in an "informal" manner.

■ Because the purposes and procedures of the two systems differ in important ways, a proceeding held pursuant to alleged violations of the Juvenile Act cannot also serve the function of a proceeding held pursuant to alleged violations of the Crimes Code.

■ In the case at bar, although the judge symbolically opened the courtroom door, and stated that the juvenile proceeding had been concluded, the fact remains that the two proceedings and, in a larger sense, the two systems of justice, cannot be combined in this manner. The juvenile here had a constitutional right to a separate hearing on the summary charges, at which time he could present a defense to those charges if he wished to do so. Further, it is clear from the record that the proceeding here was held for the

express purpose, in the judge's own words, of determining "whether [appellant] committed delinquent acts as alleged." Summary offenses are not considered delinquent acts.

We hold that the lower court acted improperly in combining juvenile and criminal court proceedings. Therefore, the sentences with respect to those charges must be vacated.

CERCONE, President Judge, and WICKERSHAM, J., concur in the result.