470 A.2d 1008

**In the Interest of Anthony DUCK, A Minor.**

**Appeal of Anthony DUCK.**

Superior Court of Pennsylvania.

Argued Nov. 29, 1983.

Filed Jan. 20, 1984.

Joseph T. Kownacki, Assistant Public Defender, Erie, for appellant.

Dana S. Jones, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before ROWLEY, WIEAND and HESTER, JJ.

HESTER, Judge:

This appeal centers on the legal proceedings wherein appellant, a juvenile, was adjudged delinquent and placed in Harbor Creek School for Boys. Appellant contends that the trial court erred in its disregard of the unanimous recommendation by relevant authorities that appellant be assigned to a facility known as George Junior Republic. Additionally, appellant argues that the failure of the trial judge to place the dispositional hearing on the record consti-

tuted error. Having reviewed the record and applicable law, we affirm.

One of the stated purposes of the Juvenile Act is to provide treatment for the youthful offender through a program of supervision, care, and rehabilitation. 42 Pa.C.S. § 6301(b)(2). In order to accomplish this goal, the legislature vested the juvenile court judge with the authority to fashion a program which best serves the juvenile's individual needs. After a juvenile has been declared delinquent [1], the trial judge may review all pertinent evidence to determine if there exists a need for treatment, supervision or rehabilitation.

> In disposition hearings under subsections (b) and (c) all evidence helpful in determining the questions presented, including oral and written reports, may be received by the court and relied upon to the extent of its probative value even though not otherwise competent in the hearing on the petition. The parties or their counsel shall be afforded an opportunity to examine and controvert written reports so received and to cross-examine individuals making the reports. Sources of information given in confidence need not be disclosed.

42 Pa.C.S. § 6341(d). Following such a hearing, the judge enters an appropriate order which will serve both the minor and society by effectuating the purposes of the Juvenile Act.

Appellant contends that because his probation officer, the probation officer's supervisor, the institutional review panel, and his counsel submitted a unanimous recommendation as to his placement, the trial judge was estopped from reaching a different conclusion. Appellant concedes

---

1.  42 Pa.C.S. § 6341(b) provides:
    (b) Finding of delinquency.—If the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which he is alleged to be delinquent it shall enter such finding on the record and it shall then proceed immediately or at a postponed hearing, which shall occur not later than 20 days after adjudication if the child is in detention, to hear evidence as to whether the child is in need of treatment, supervision or rehabilitation and to make and file its finding thereon. . . .

that the determination as to what best serves his interests lies within the domain of the judge. However, since all concerned parties supported the recommendation that appellant be placed in George Junior Republic, he concludes that the above-named institution would have afforded him the best opportunities for treatment, supervision, and rehabilitation. Hence, for the trial court to arrive at any other result was error.[2]

Appellant's argument simply lacks any merit. As the above-cited statutory language illustrates, it is the responsibility of the juvenile court judge to render a determination, based upon any evidence which he or she may receive, as to the type of program best suited for the juvenile's needs. Appellant's attempt to abrogate the judge's authority whenever presented with a unanimous recommendation is without precedent or support in the letter of the law. Indeed, appellant can cite no cases in which this Court has accepted such arguments before.

Moreover, a review of the lower court's opinion demonstrates that judicial discretion was soundly employed in the case at bar. Therein, the trial judge explained that his decision to place appellant at Harbor Creek was motivated by its proximity to appellant's family. Thus, the family would be afforded the opportunity to visit appellant regularly and participate in his treatment and rehabilitation. Since familial cooperation is often a crucial element in the success of these programs, and placement at Harbor Creek was conducive to their involvement, the trial judge favored that institution over George Junior Republic, which was located

2.  Appellant went one step further and characterized the juvenile court judge's order as "purely punitive in nature." We find appellant's attitude and his denouncement of the judge's decision to "flagrantly disregard" the recommendation as offensive and intemperate. His intimation that the trial judge purposely exceeded his sole function, which is "to seek the reformation of the youthful offender, not to punish him for his offense ....," *In re Garman*, 250 Pa.Super. 54, 378 A.2d 449 (1977), is presumptuous, unwarranted, and insulting to a member of the judiciary who must make those complex and agonizing decisions which confront every judge in Juvenile Court.

some distance away.[3]

Finally, appellant failed to produce one argument as to why Harbor Creek would be detrimental to appellant, nor did he clarify why George Junior Republic was preferential. However, even if he had, such assertions would not persuade us that the juvenile court judge abused his discretion in reaching his decision.

■ Appellant next avers error by the trial judge in failing to record the dispositional aspect of this case. After a juvenile is adjudged delinquent, the Juvenile Act requires that a dispositional hearing be held before a child can be ordered to placement. 42 Pa.C.S. § 6341(b). Nowhere does the Act state that such hearings must be placed on the record. In fact, the Act provides that hearings shall be conducted "in an informal but orderly manner." 42 Pa.C.S. § 6336(a); *In re Leonardo*, 291 Pa.Super. 644, 436 A.2d 685 (1981). Clearly, this language does not compel the juvenile court system to follow the rigid formalities embodied in the rules of criminal or civil procedure.

Appellant properly notes that when an appellate court reviews the sufficiency of the evidence to support an adjudication of delinquency, it needs some type of record in order to accomplish its function. Even so, the Act still does not require a formal record; full minutes of the proceedings as kept by the court would suffice. 42 Pa.C.S. § 6336(c).

■ In this case, the hearing to determine appellant's delinquency was fully recorded. Only the dispositional aspect of the hearing was held in chambers. Nonetheless, appellant could have requested that those proceedings be recorded by appropriate means. The Juvenile Act specifically vests him with that right. 42 Pa.C.S. § 6336(c). However, since the record reflects that appellant, through his

3. The trial judge's rationale serves the well-established goal of "preserving family unity," an avowed purpose of the Juvenile Act. *In the Interest of Ryan Michael C.*, 294 Pa.Super. 417, 421, 440 A.2d 535, 537 (1982). Although this result is sought more often in cases of dependency, it certainly is also a viable objective when the court is confronted with problems of delinquency.

counsel, waived that right, he will not be heard to complain now.

In light of our aforesaid discussion, we hereby affirm the order of the court below.

Order affirmed.