519 A.2d 978

**In the Interest of Marlow CRAWFORD.**

**Appeal of Marlow CRAWFORD.**

Superior Court of Pennsylvania.

Submitted July 7, 1986.

Filed Jan. 5, 1987.

38

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, TAMILIA and ROBERTS, JJ.

TAMILIA, Judge:

This appeal was taken from the Order of the trial court in a juvenile proceeding during which the appellant was held in contempt for failure to appear at a hearing scheduled for

January 6, 1986. Marlow Crawford was arrested on January 4, 1986 for burglary, attempted theft, criminal trespass and criminal conspiracy on a Juvenile Petition. He was released by the Intake Office and by subpeona, handed to the accompanying adult, ordered to appear on January 6, 1986 for a detention hearing; he failed to do so.

A bench warrant was issued and on January 9, 1986, pursuant to the warrant, he was brought before the court, with his mother, for a counseled hearing on the warrant. At that hearing, before the Honorable Mitchell Lipschutz, he was held in contempt and committed to the Youth Study Center to wait the next scheduled hearing on January 16, 1986. He was subsequently released on January 14 pursuant to an Order by the Honorable Mary Rose Fonte Cunningham.

Appellant alleges that:

1. The Juvenile Court judge lacked authority under the Juvenile Act to punish the appellant and commit him to a secure facility for "criminal contempt" based on his failure to appear at the initial listing of his case.

2. The evidence of intentional or willful refusal to obey lawful process of the court was insufficient to justify the citation of appellant for summary criminal attempt.

3. The court improperly placed the burden of proof upon the juvenile to prove his innocence of the charge of criminal contempt, and thereby violated appellant's federal and state constitutional rights to due process of law.

4. The court improperly interrogated the juvenile without giving him notice that his answers might subject him to citation for summary criminal contempt, and thereby violated his federal and state constitutional rights to due process of law and against self-incrimination.

5. The court below erred by holding the appellant in summary criminal contempt and imposing a sentence of imprisonment without first providing the appellant with any notice of the charge where the alleged act of contempt was his failure to appear at a prior listing before another judge.

We will deal with these issues seriatim.

▇▇▇ The contention that the Juvenile Court Judge acted "ultra vires" and lacked authority under the Juvenile Act to punish the appellant and to commit him to a secure facility (detention center) for contempt is meritless. A juvenile court judge is not stripped of his inherent powers to perform the duties of his office and to compel obedience to his lawful orders by the Juvenile Act. The Judicial Code, at 42 Pa.C.S.A. § 323 Powers, provides:

### § 323. Powers

Every court shall have power to issue, under its judicial seal, every lawful writ and process necessary or suitable for the exercise of its jurisdiction and for the enforcement of any order which it may make and all legal and equitable powers required for or incidental to the exercise of its jurisdiction, and, except as otherwise prescribed by general rules, every court shall have power to make such rules and orders of court as the interest of justice or the business of the court may require.

The court has the power and the right to issue bench warrants to compel the appearance of a juvenile respondent in a court case. With that authority goes the power to punish for willful refusal to comply. Section 323, *supra.* The right to issue a warrant pursuant to the Juvenile Act, 42 Pa.C.S.A. § 6335(e) Warrant of arrest, carries with it the authority of the court to hold the child when there appeared to be a willful failure to comply with the subpeona, and the evidence indicated lack of responsible supervision by adults that would assure future compliance. To hold otherwise would render the court powerless and the procedures for achieving a "program of supervision, care and rehabilitation" meaningless.

▇▇▇ While the court here found the child to be in contempt for failure to attend the hearing, and while we hold it is properly within the inherent and statutory power of the court to do so, (section 323, *supra* ) irrespective of the Juvenile Act, we believe that detention was proper and

incidental to appropriate action under the Juvenile Act § 6331.

### § 6331. Release from detention or commencement of proceedings

*If a child is brought before the court* or delivered to a detention or shelter care facility designated by the court, *the intake or other authorized officer of the court shall immediately make an investigation and release the child unless it appears that his detention or shelter care is warranted or required under section 6325* (relating to detention of child). The release of the child shall not prevent the subsequent filing of a petition as provided in this chapter. If he is not so released, a petition shall be promtly made and presented to the court within 24 hours or the next court business day of the admission of the child to detention or shelter care. (Emphasis added)

and

### § 6325. Detention of child

A child taken into custody shall not be detained or placed in shelter care prior to the hearing on the petition *unless his detention or care is required* to protect the person or property of others or of the child or because the child may abscond or be removed from the jurisdiction of the court *or because he has no parent, guardian, or custodian or other person able to* provide supervision and care for him and *return him to the court when required,* or an order for his detention or shelter care has been made by the court pursuant to this chapter. (Emphasis added)

When the appellant was released pursuant to section 6331 to return at a stated time for a detention hearing, his failure to appear at that time properly called for issuance of a warrant pursuant to section 6335(c). Upon appearance before the court pursuant to that warrant, his reasons for nonappearance and the testimony by his mother exhibited substantial reasons for the court to believe he would not appear for the subsequently scheduled detention hearing.

It would appear that the hearing before Judge Lipschutz was not a detention hearing pursuant to section 6332 Informal hearing, but simply a hearing on the warrant. The warrant hearing had the effect of returning the status of the case to the posture it was at the time of initial detention, and pursuant to section 6331 which applies to that stage, the inquiry must be made if detention is warranted. In this inquiry, reference is made to the standard enunciated in section 6325 Detention of a child. Under that standard, detention is permitted "because he has no parent, guardian or custodian or other person able to provide supervision and care for him *and return him to the court when required, or an order for his detention or shelter care has been made by the court pursuant to this chapter."* 42 Pa.C.S.A. § 6325 (Emphasis added). The court found the testimony supports the conclusion that the child willfully failed to appear and the mother either didn't know or didn't respond to notice to appear. We agree and, therefore, reject appellant's second point. Under these circumstances, detention was appropriate. A finding of contempt was not necessary to the detention of the child and it was handed down only after counsel for the child indicated to the court that the child could be held pursuant to the Juvenile Act for only seventy-two (72) hours before giving him a probable cause hearing.[1]

Had the court gone into the nature of the delinquent petition, determined probable cause that the complained act

---

1. 42 Pa.C.S.A.

### § 6332. Informal hearing

(a) **General rule.**—An informal hearing shall be held promptly by the court or master and not later than 72 hours after the child is placed in detention or shelter care to determine whether his detention or shelter care is required under section 6325 (relating to detention of child) and if the child is alleged to be delinquent, that probable cause exists that the child has committed a delinquent act. Reasonable notice thereof, either oral or written, stating the time, place, and purpose of the hearing shall be given to the child and if they can be found, to his parents, guardian, or other custodian. Prior to the commencement of the hearing the court or master shall inform the parties of their right to counsel and to appointed counsel if they are needy persons, and of the right of the child to remain silent with respect to any allegations of delinquency.

was committed and informed the appellant of his rights, and then made supportable findings on the basis of that hearing that the child should be detained beyond seventy-two (72) hours, there would be no error. Since this was not the case, no more than seventy-two (72) hours of detention could be justified unless the child was committed for contempt.

While finding the trial court had the power to punish for criminal contempt, we do not need to determine if the procedure he employed and the record support a finding of contempt and subsequent detention Order for seven days (January 9—January 16) and, therefore, do not consider appellant's points 3–5.

■ Appellant would have us pursue this aspect of the case on the theory that *In the Interest of Tasseing A.*, 281 Pa.Super. 400, 422 A.2d 530 (1980) strips the Juvenile Court of any power to deal with contempt behavior by juveniles. We agree with the Commonwealth's position that appellant's reliance on *Tasseing* is misplaced. That case involved a dependent child placed in detention for refusal to comply with court orders to remain in shelter. No specific authority is provided in the Juvenile Act to confine a dependent child who is a runaway, even if the running is in defiance to the court order. That case and Pennsylvania's treatment of runaways was based on mandates of Federal Legislation, Juvenile Justice and Delinquency Prevention Act of 1974, P.L. 93415, enacted September 6, 1975, and policy requirements centering about federal funding prevented detention *at that time.* Since then, the Federal Act has been amended to permit *detention* of status offenders (dependent children) where a *valid court order has been violated. Tasseing* held that a dependent child could not be placed in detention even if he was in contempt of court. The dissent in *Tasseing* by Hester, J. would have permitted detention of the dependent child, and the concurrence by Cavanaugh, J., which held *Tasseing*'s behavior was criminal contempt but the law did not apply to *dependent* children, restricts any application of that case beyond dependent children. Most directly, in the delinquency context, which is the nature of

the case *sub judice*, a delinquent child can be detained without question if a child refuses to appear or parents of the child are failing in supervision and would fail to have the child appear when required by the court and a warrant for arrest and detention are appropriate means that may be taken to assure the child's presence at the hearing.

■ A delinquent child is not insulated from orderly process of the law because of minority, particularly, as here, when he has been charged with offenses which, if committed by an adult, would call for sentences of up to twenty (20) years in prison. Protecting the child from consequences of a criminal record and focusing on rehabilitation instead of punishment is not an invitation to trampling the law and treating the court with disdain. The court must be firm and resolute if it is to have credibility with juveniles who are out of control and violating the law.

We intend to go no further with our evaluation of the contempt aspect of this case as the subsequent action of Judge Cunningham, in releasing the appellant on June 14, 1986, and the expiration of the order on June 16, 1986, renders it unreviewable.

We do not find this to be a case which requires review of an issue normally moot, due to extraordinary circumstances such as *Janet D. v. Carros*, 240 Pa.Super. 291, 362 A.2d 1060 (1976). There, the contempt concerned a director of children's services who allegedly failed to provide treatment to a deprived child who reached majority prior to the argument on appeal. There the case centered about whether the court could impose a duty to provide treatment and enforce it through contempt powers. It was an issue that dealt with civil contempt as opposed to criminal contempt and had implications to the child welfare system far beyond that case. Here, there is no question of the court's power to hold a juvenile in contempt and the only issue is one of procedure and timeliness of the appeal. The appellant had procedural means to preserve this matter for appeal, which he failed to take, so we must consider the matter waived.

■ The issue remains as to whether the child was properly detained beyond the seventy-two (72) hours permitted, pending a probable cause hearing. A probable cause hearing should have been held on January 12, 1986; since this was a Sunday, January 13 would have sufficed. The hearing by Judge Cunningham was actually held on January 14, 1986. She could have detained him for additional periods of time of up to twenty (20) days from the filing of a petition pursuant to section 6335 of the Juvenile Act. A juvenile held beyond the period of time provided by statute can petition the court for immediate release (which he did) and if not released, can petition the Superior Court, *In re Kerr*, 333 Pa.Super. 67, 481 A.2d 1225 (1984). That case also provided the court did not lose jurisdiction over the case simply because a juvenile was held beyond the statutory period. Since the appellant was released within twenty-four (24) hours of the time when he was required to have his probable cause hearing, under the circumstances, the system worked expeditiously to correct any improprieties and there is no relief which is available on appeal.

We, therefore, quash the appeal for mootness.

Jurisdiction relinquished.