### Diehl v. Drummond

*Joseph A. Campagna, Jr.,* for petitioner.
No appearance entered for respondent.

RAUP, *P.J.,* February 15, 1989—This opinion is written in support of the decision rendered by the court en banc at a hearing held on July 20, 1988. The issue is whether an individual who is under the age of 18 can be named as a respondent in a Protection From Abuse Act petition.[*] The court held at the time of the hearing that the plain language of the Protection From Abuse Act would include juveniles, as well as adults, as prospective respondents in PFA actions. The critical language in the act is:

"Abuse means the occurrence of one or more of the following acts between *family or household members,* sexual or intimate partners or persons who share biological parenthood:

"(i) attempting to cause or intentionally, knowingly, or recklessly causing bodily injury, serious bodily injury, rape, spousal sexual assault or involuntary deviate sexual intercourse with or without a deadly weapon.

"(ii) placing by physical menace another in fear of imminent serious bodily injury.

"(iii) the infliction of false imprisonment pursuant to 18 Pa.C.S. §2903 (relating to false imprisonment).

"(iv) physically or sexually abusing minor children as defined in this definition or pursuant to the Act of November 26, 1975 (P.L. 438), known as the 'Child Protective Services Law.' . . .

"'Family or household members' means spouses or persons who have been spouses, persons living as

---

[*] Repondent is the 16-year-old boyfriend of petitioner.

spouses or who have lived as spouses, parents and children, other persons related by consanguinity or affinity, current or former sexual or intimate partners or person who share biological parenthood." Domestic Violence and Child Abuse Act, P.L. 1090 (1976), as amended June 20, 1988. (emphasis supplied)

The only argument militating against this conclusion is the problem presented to the court where an order entered against a juvenile respondent is allegedly violated and the matter is brought before the court for contempt proceedings. The usual procedure would be that the individual would be apprehended by the police and taken before the court during court hours or before a magistrate at other times for the purpose of setting bail pending a contempt proceeding before the court. If the person could not meet bail, he would be incarcerated pending a hearing. If the person was found by the court to have intentionally violated the order, he would be vulnerable for sanctions which could include incarceration up to a period of six months. Since juveniles cannot be placed in jail the bail provisions would be inapplicable and the potential penalty of incarceration would be inapplicable.

The court held that the Protection From Abuse Act and the Juvenile Act must be read in pari materia in an attempt to give effect to the legislative intents underlying both of those statutes. According, where a juvenile is the respondent in the PFA matter and has allegedly violated the order, the enforcement proceedings should be held through the Juvenile Act procedures. In the overwhelming percentage of cases, a violation of a PFA order is at least nominally a misdemeanor or a felony and therefore the behavior can be the subject of a juvenile court complaint. The police receiving a

report that a juvenile has violated a PFA order and that his behavior would constitute a misdemeanor or felony (e.g. assault by physical menace or by attempting to cause or causing bodily injury, or criminal trespass or burglary) should file a complaint with the juvenile court. The provisions relating to detention can be addressed to the on-duty juvenile probation officer and the matter would be scheduled promptly before the juvenile court judge for adjudication and disposition.

We recognize that in a small percentage of cases, an alleged violation of a PFA order will not involve behavior which constitutes the elements of a misdemeanor or felony. In that rare case, it may be that there is no way to enforce the PFA order; however, to hold that, because of the inability to enforce a small percentage of cases, no juvenile can be a respondent in a PFA case, would be to nullify the effect of the Protection From Abuse Act in a potentially large number of cases where juveniles would be respondents.

Accordingly, this court has held in the above-captioned case that a juvenile may be named as a respondent in a Protection From Abuse Act case.

## DISSENTING OPINION

SMITH, *J.*, February 15, 1989 — I respectfully dissent. Respondent is a 16-year-old child and a former boyfriend of the minor petitioner. He is accused of assaultive behavior. Petitioner asserts that the court should allow a child (an individual under the age of 18 years) to be a respondent under the Protection From Abuse Act. 35 P.S. §10181 et seq. She posits that the court should give the act its broadest possible interpretation in order to not frustrate the purpose of the act.

The salient purpose of the Protection From Abuse Act is to provide immediate protection from domestic violence by authorizing a victim to petition for a protective order in the event of abuse. Petitioner correctly points out that section 10182 of the act defines abuse as acts committed by "family or household members" and that the definition of "family or household members" includes "children."

Section 10190 of the act provides that a violation of the PFA order is indirect criminal contempt and may be punishable by imprisonment up to six months or a fine not to exceed $1,000 or both. The Juvenile Act, 42 Pa.C.S. §§6301-6365, defines a "delinquent act" in pertinent part as follows:

"(1) The term means an act designated a crime under the law of this commonwealth, or of another state if the act occurred in that state, or under federal law, or under local ordinances.

"(2) the term shall not include:

"(ii) Summary offenses, unless the child fails to comply with a lawful sentence imposed thereunder, in which event notice of such fact shall be certified to the court." 42 Pa.C.S. §6302.

The Supreme Court in *In Interest of Tasseing H.*, 281 Pa. Super. 400, 422 A.2d 530 (1980) specifically held that criminal contempt is not a "crime" within the statutory definition of delinquent act. Both the author of the majority opinion and the concurring judge agreed that even though the contempt was criminal, the underlying conduct (runaway in violation of an order of court) was not a crime under the Juvenile Act, and therefore, could not be the basis for an adjudication of delinquency.

The court in *Commonwealth v. Feick*, 294 Pa. Super. 110, 439 A.2d 774 (1982) followed *Tasseing, supra* and found that the contempt (underlying act)

for which a juvenile is cited must be a crime under the law of this commonwealth.

Petitioner cites *Cipolla v. Cipolla,* 264 Pa. Super. 53, 398 A.2d 1053 (1979) for the principle that criminal contempt is a crime in every fundamental respect. The defendant in *Cipolla* was an adult. The court was defining "every fundamental respect" in terms of procedural safeguards. 264 Pa. Super. at 58, 398 A.2d at 1055. *Cipolla* does not hold that criminal contempt is a "crime" that constitutes a delinquent act under the Juvenile Act. Petitioner also cites *In Interest of Ryan,* 277 Pa. Super. 433, 419 A.2d 1224 (1980); and *In Interest of Crawford,* 360 Pa. Super. 36, 519 A.2d 978 (1987) as cases that depart from the above-enunciated principle in *Tasseing, supra,* and *Feick, supra.* Their reliance is misplaced.

In *Ryan, supra,* the court held that a child may be adjudicated delinquent, if upon certification the court finds that the child has been convicted of a summary offense and has been fined and has failed to pay the fine. This holding was based upon the explicit provision of the Juvenile Act then in effect, which provided:

"'Delinquent Act' —

· "(2) The term shall not include:

"(ii) summary offenses unless the child fails to pay a fine levied thereunder, in which event notice of such fact shall be certified to the court." 42 Pa.C.S. §6302. In short, the court found that the finding of delinquency was proscribed by the Juvenile Act. Here, the court issued a lawful order under the Juvenile Act for the juvenile to appear for a detention hearing. The juvenile failed to appear and the Superior Court affirmed the lower court's ruling that the juvenile court had inherent and statutory power to hold the child in contempt for

failing to obey an order that was properly issued under the Juvenile Act. 360 Pa. Super. at 40, 519 A.2d at 980.

A PFA order is not one that is issued under the Juvenile Act; therefore, a PFA order is unenforceable per se and only an underlying criminal act would justify the finding of delinquency. The majority appears to agree with this finding. The opinion states: "In the overwhelming percentage of cases a violation of a PFA order is at least nominally a misdemeanor or felony and therefore the behavior can be the subject of a juvenile court complaint" and "We recognize that in a small percentage of cases an alleged violation of the PFA order will not involve behavior which constitutes the elements of a misdemeanor or felony. In that rare case, it may be that there is no way to enforce the PFA order." This last statement is highly questionable in light of the amendments to the act which became effective June 19, 1988. These amendments provide, inter alia, that a PFA order may include a prohibition from contacting the plaintiff or harassing the plaintiff, plaintiff's relatives or minor children. 35 P.S. §10186(b)(6).

The fact remains that the majority holding would result in judicial resources being utilized by the filing of a PFA petition, the ex parte hearing, and the adversarial hearing, all of which would result in a PFA protective order that is per se not enforceable. Criminal conduct, that would at the same time constitute a violation of the PFA order and a delinquent act, could be the basis of a juvenile petition; however, it would be the underlying criminal conduct and not the violation of the PFA order that would result in the adjudication of delinquency.

In summary, the above case law holds and the majority agrees that it is the underlying criminal act

that constitutes the basis for an adjudication of delinquency. If the underlying act is the basis of the adjudication, then the basis is not the violation of the PFA order. If it is not the violation of the PFA order that is the basis of the adjudication, then the PFA protective order and the entire PFA process are not necessary.

It is unreasonable and unnecessary to go through the PFA process to obtain an adjudication of delinquency. It is quite notable that all of the acts that constitute a basis for the filing of a PFA petition would also be "crimes" that would constitute a delinquent act. 35 P.S. §10182. The juvenile petition should be filed in the first instance instead of a PFA petition, which under the majority's theory would result in an order that is only partially enforceable.

Although not supported by case law, rule, or statute, the majority's holding does have the practical effect of providing an order of court that has the appearance of being enforceable. This would hopefully produce a psychological effect on the respondent that would precipitate the desired result of immediate protection from domestic violence. This desired protection can be factually accomplished under the provisions of the Juvenile Act which provide for a child's detention when required to protect the person or property of others. 42 Pa.C.S. §6325. In construing the Protection From Abuse Act in pari materia with the Juvenile Act, the majority is ignoring the legion of cases that support the first presumption in ascertaining legislative intent, which provides:

"In ascertaining the intention of the General Assembly in the enactment of a statute, the following presumptions, among others, may be used:

"(1) That the General Assembly does not intend a

result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922.

The General Assembly has not provided that a violation of a PFA protective order is a delinquent act. Until it does, the remedy of the petitioner does not lie under the provisions of the Protection From Abuse Act.