590 A.2d 774

## In the Interest of Darryl BOSKET.

## Appeal of COMMONWEALTH of Pennsylvania.

Superior Court of Pennsylvania.

Argued March 12, 1991.

Filed May 8, 1991.

266

Deborah Fleisher, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Bradley S. Bridge, Philadelphia, for appellee.

Before MONTEMURO, JOHNSON and HESTER, JJ.

OPINION PER CURIAM:

The Commonwealth appeals from the June 28, 1990 order of the Philadelphia County Court of Common Pleas sentencing appellee to probation without verdict pursuant to section 17 of the Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa.S.A. § 780–117. The sole issue raised on appeal is whether the Juvenile Act authorizes the disposition of a delinquency petition pursuant to section 17 of the Controlled Substance, Drug, Device and Cosmetic Act. As we find that the Juvenile Act authorizes no such disposition, we reverse the order of the trial court and remand for disposition in accordance with the provisions of the Juvenile Act.

The facts surrounding appellee's arrest may be summarized as follows. On March 26, 1989, Philadelphia Police Officer Richard Flynn was on routine patrol driving a marked police car when he observed appellee standing at a city intersection where drug transactions commonly take place. Officer Flynn testified during a pretrial hearing that appellee first glanced towards him, then turned and walked briskly in the opposite direction. The officer then observed appellee throw a clear plastic bag into a public planter located on the sidewalk. Flynn later testified that the bag contained fifty-three red-topped vials of what he believed to be crack cocaine.

Officer Flynn then drove past the intersection, called for backup officers and minutes later, returned to the same intersection with the backup unit. After observing appellee in the same location, Flynn stopped and searched him unsuccessfully. The officer then proceeded to the public planter and recovered the plastic bag which he had ob-

served appellee drop. Appellee, then seventeen, was arrested by Officer Flynn, and the Commonwealth filed a delinquency petition in juvenile court charging appellee with Possession with Intent to Deliver a Controlled Substance.

Appellee filed a motion to suppress the physical evidence seized by Officer Flynn. On April 18, 1989, following a hearing, the trial court granted appellee's motion on the basis that the evidence was seized after an unlawful arrest. The Commonwealth appealed, and this court reversed. *In the Interest of Bosket,* 400 Pa.Super. 629, 576 A.2d 1142 (1990). The case then was remanded to the trial court for an adjudicatory hearing on the delinquency petition.

During the adjudicatory hearing, the Commonwealth moved for appellee to be certified for trial as an adult. The trial court denied the Commonwealth's motion, but then it granted appellee's motion that he be sentenced to probation without verdict pursuant to section 17 of the Controlled Substance, Drug, Device and Cosmetic Act. The Commonwealth's motion for reconsideration was denied by the trial court, and this timely appeal followed.

■ The Commonwealth contends that the trial court's ruling in placing appellee on probation without verdict pursuant to section 17 of the Controlled Substance Act, without an adjudication of delinquency and without a plea of *nolo contendere,* is contrary to the express provisions of the Juvenile Act and section 17 of the Controlled Substance Act and therefore, should be reversed. Appellee maintains that the two statutes are not mutually exclusive and reasonably may be interpreted to permit the trial court to apply that section of the Controlled Substance Act to a juvenile charged with a violation of the same act. Upon our review of both statutes, we are inclined to agree with the Commonwealth.

In enacting the Juvenile Act, the Legislature set forth a comprehensive scheme for the treatment of juveniles who commit offenses which would constitute crimes if committed by adults. The purposes and procedures of the juvenile

system differ significantly from those of the adult criminal system. As we stated in *In re Leonardo*, 291 Pa.Super. 644, 648, 436 A.2d 685, 687 (1981), the purpose of juvenile proceedings is to seek "treatment, reformation and rehabilitation of the youthful offender, not to punish." A proceeding may be commenced in the juvenile system by the filing of a petition alleging that the juvenile is delinquent. 42 Pa.C.S.A. § 6321. Upon the filing of such a petition, the court must hold an adjudicatory hearing to hear evidence on the petition and following the completion of the hearing, the court is required to make and file its findings as to whether the acts ascribed to the child were committed by him. If the court finds that the allegations of delinquency have not been established, it must dismiss the petition and order the child discharged from detention. 42 Pa.C.S.A. § 6341(a). On the other hand, if the court finds proof beyond a reasonable doubt that the child committed the acts, it must enter such a finding on the record and proceed to hear evidence of whether the child is in need of treatment, supervision, or rehabilitation. Evidence of the commission of a felony is sufficient to sustain a finding that a child is in need of treatment, supervision or rehabilitation. 42 Pa. C.S.A. § 6341(b).

■ The legislature provided only one alternative to the required disposition scheme described above, the consent decree. When the Juvenile Act originally was enacted, the legislature specified that after the filing of a petition alleging delinquency but before the entry of an adjudicatory order, the court could suspend the proceedings and continue the child under supervision subject to conditions negotiated with the probation services. Under such an order, known as a consent decree, a child was discharged if he fulfilled the terms and conditions of the decree. 42 Pa.C.S.A. § 6340(a). In 1986, however, the legislature amended this section to provide that where the district attorney objects to a consent decree, the court must proceed to findings, adjudication, and disposition. Judicial authority to enter pre-

adjudication dispositions of probation, thus, was limited to those consented to by the Commonwealth.

██ The trial court ruling which produced the instant appeal involved the imposition of pre-adjudicatory probation on appellee through the use of one section of the Crimes Code which provides for a similar probationary arrangement in the adult criminal justice system. Since this disposition did not require the consent of the Commonwealth, the trial court achieved its objective of placing appellee on pre-adjudicatory probation over the objection of the Commonwealth. We believe this action is in clear contradiction to the result intended by the legislature when it decided to amend the pre-adjudicatory probation provision of the Juvenile Act in 1986. Consequently, we cannot allow the trial court's action to stand.

The legislative history surrounding the amendment of section 6340 of the Juvenile Act suggests that the purpose of the amendment was to prohibit the entry of pre-adjudicatory probation in cases where the district attorney, in good faith, believes it to be inappropriate. In the present case, appellee was charged with the possession of fifty-three vials of crack cocaine on a street corner which is notorious for transactions involving controlled substances. The trial court offered no reason for its desire to offer extraordinary leniency to appellee, other than its concern over the lawfulness of the arrest which we reviewed and upheld in a separate memorandum opinion. *See In the Interest of Bosket, supra.*

While we agree with appellee's argument that the lenient treatment afforded appellee by the trial court was consistent with the general purposes of the Juvenile Act, it does not change the fact that the trial court failed to comply with the specific provisions of the Juvenile Act regarding the disposition of a delinquency petition. The trial court herein failed to make the required findings concerning whether appellee committed the acts ascribed to him in the petition. Moreover, it failed to dispose of the petition in the manner prescribed by the Juvenile Act, which compels the trial

court to either dismiss the petition or adjudicate the juvenile delinquent. By the specific language of section 6341 of the Juvenile Act, the trial court had no alternative but to dispose of the petition in the manner set forth in that section. To dispose of the petition in the manner it did, the trial court not only exceeded the authority vested in it by the legislature, but it also subverted the legislature's clear intention to require the Commonwealth's consent to the imposition of pre-adjudicatory probation upon a juvenile charged with a serious delinquent act.

■ Appellee argues that if he had not been charged as a juvenile, he could have received pre-adjudicatory probation under section 17 of the Controlled Substance Act if he voluntarily agreed to the transfer of his case to adult court. Appellee contends that it would have been "absurd and unreasonable" for the legislature to have intended to provide a juvenile with the option of choosing to receive section 17 probation in adult court upon waiver of certification (or involuntary certification) or remaining in juvenile court with no entitlement to section 17 treatment. Therefore, he argues, we must interpret the two statutes in a manner which would authorize imposition of pre-adjudicatory probation under section 17 to the juvenile whose case remains in juvenile court. Appellee's brief at 9.

To the contrary, we view the intentions of the legislature with regard to pre-adjudicatory probation as being eminently reasonable. Probation without verdict under section 17 of the Controlled Substance Act indeed is available to adults and juveniles who are certified to be tried as adults. However, all of the other penalties attached to the Controlled Substance Act are available to those individuals as well. Probation under section 17 is not guaranteed in any case and the juvenile who chooses to be tried as an adult takes the risk of not receiving the leniency provided for in section 17. That, in our view, is a high price to pay.

Alternatively, the juvenile who remains within the jurisdiction of juvenile court can receive the benefit of the pre-adjudicatory disposition provisions of the Juvenile Act if the

Commonwealth consents. In the event that the Common-wealth objects due to the serious nature of the delinquent act, the juvenile trial court has only three alternatives: to dismiss the delinquency petition upon a finding of a lack of evidence, to adjudicate the juvenile delinquent, or to certify the juvenile as an adult based on the appropriate factors, thereby exposing him to the full range of benefits and penalties provided in the Crimes Code. It is contrary to the law to deny certification to a juvenile charged with a serious delinquent act and then to utilize a pre-adjudicatory provision of the adult Crimes Code to evade the express provisions of the statute vesting the court with its authori-ty. The action is contrary to the express provisions of the Juvenile Act even if undertaken, ostensibly, in the best interests of the juvenile. *See In re Evans*, 246 Pa.Super. 430, 371 A.2d 914 (1977) (disposition not authorized in the Juvenile Act unlawful even if in best interest of juvenile).

Order reversed; case remanded for disposition in accord-ance with the provisions of the Juvenile Act; jurisdiction relinquished.