**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**S.M., Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 31, 2001.

Filed March 2, 2001.

Michael S. Ferguson, Assistant District Attorney, Carlisle, for Com., appellant.

Ronald A. Turo, Carlisle, for appellee.

Before POPOVICH, JOYCE and BROSKY, JJ.

JOYCE, J.:

¶ 1 The Commonwealth appeals from order of the trial court placing Appellee, S.M., on a period of supervised probation and deferring the adjudication and disposition of the juvenile case.[1] For the reasons set forth below, we reverse and remand for further proceedings consistent with this memorandum and deny Appellee's motion to quash. The relevant facts and procedural history of this case are as follows.

¶ 2 On December 13, 1999, Appellee initiated contact with the victim by placing his hands on her breast. Subsequently, Appellee proceeded to place his finger inside the victim's vagina. At a January 13, 2000 determination of guilt hearing, Appellee admitted to these events which constituted indecent assault[2] and aggravated indecent assault respectively.[3] That same day, the court ordered a social history of the juvenile be prepared. On February 24, 2000, following an adjudication and dis-position hearing, and over objection by the Commonwealth, the court ordered that the adjudication of delinquency be deferred. The court conditioned the deferral based on Appellee's performance during a probationary period. The Commonwealth appealed this order.[4]

¶ 3 The sole issue raised for our review is whether the court erred in creating a disposition for the juvenile which was outside the parameters of the Juvenile Act, 42 Pa.C.S.A. § 6301 et seq. Prior to addressing this issue, however, we must address Appellee's motion to quash claiming that the order appealed from does not constitute a final order, and thus, is not properly before us for review. Our Supreme Court has addressed this issue and relevantly has stated as follows:

[A]n order placing a criminal defendant on probation is an appealable order, regardless of whether the defendant is an adult or a juvenile. A juvenile has a right to appeal, which is governed by the Rules of Appellate Procedure. Failure to appeal in a timely manner from a probation order results in waiver of the right to appeal any issues arising from the trial which resulted in the probation order. The Juvenile Act expressly provides that placement of a juvenile on probation subjects the juvenile to ongoing court supervision and conditions. Therefore, by its very nature, any sentence of probation is "temporary," and a trial court's characterization of a probation order as "temporary" constitutes

---

1. Because Appellee and the victim were juveniles at the time of the offense, we will use their initials when referencing them in this opinion.

2. 18 Pa.C.S.A. § 3126.

3. 18 Pa.C.S.A. § 3125.

4. Prior to argument, Appellee sought to quash this appeal, arguing that the order appealed from was interlocutory and not appealable. This Court denied the motion to quash without prejudice to Appellee to renew the motion at the time of argument or submission of the appeal to a panel of this Court. We will now address this motion.

mere surplusage. If a trial court wishes to supervise a juvenile for a period of time prior to entering a final order, the Juvenile Act provides several alternatives by which to do so, including informal adjustment; consent decrees; and continuation of disposition hearings. To the extent that *In the Interest of K.B.* holds that a sentence of probation is not a final order, it was wrongly decided and is expressly overruled.

*In the Interest of M.M.*, 547 Pa. 237, 241–242, 690 A.2d 175, 177 (1997) (citations and quotation marks omitted). Therefore, as the Commonwealth's appeal is properly from a final order, we must deny Appellee's motion to quash.

¶ 4 With regards to the Commonwealth's claim that the disposition set forth by the trial court was improper, we agree. A petition alleging that a child is delinquent must be disposed of in accordance with the Juvenile Act, 42 Pa.C.S.A. §§ 6301 6361. *In Interest of B.P.Y.*, 712 A.2d 769, 770 (Pa.Super.1998). Dispositions which are not set forth in the Act are beyond the power of the juvenile court. *Id.*

> In enacting the Juvenile Act, the Legislature set forth a comprehensive scheme for the treatment of juveniles who commit offenses' which would constitute crimes if committed by adults. The purposes and procedures of the juvenile system differ significantly from those of the adult criminal system…. [T]he purpose of juvenile proceedings is to seek "treatment, reformation and rehabilitation of the youthful offender, not to punish." A proceeding may be commenced in the juvenile system by the filing of a petition alleging that the juvenile is delinquent. Upon the filing of such a petition, the court must hold an adjudicatory hearing to hear evidence on the petition and following the completion of the hearing, the court is required to make and file its findings as to whether the acts ascribed to the child were committed by him. If the court finds that the allegations of delinquency have not been established, it must dismiss the petition and order the child discharged from detention. On the other hand, if the court finds proof beyond a reasonable doubt that the child committed the acts, it must enter such a finding on the record and proceed to hear evidence of whether the child is in need of treatment, supervision, or rehabilitation. Evidence of the commission of a felony is sufficient to sustain a finding that a child is in need of treatment, supervision or rehabilitation.

> The legislature provided only one alternative to the required disposition scheme described above, the consent decree. When the Juvenile Act originally was enacted, the legislature specified that after the filing of a petition alleging delinquency but before the entry of an adjudicatory order, the court could suspend the proceedings and continue the child under supervision subject to conditions negotiated with the probation services. Under such an order, known as a consent decree, a child was discharged if he fulfilled the terms and conditions of the decree. In 1986, however, the legislature amended this section to provide that where the district attorney objects to a consent decree, the court must proceed to findings, adjudication, and disposition. Judicial authority to enter pre-adjudication dispositions of probation, thus, was limited to those consented to by the Commonwealth.

*In Interest of Bosket*, 404 Pa.Super. 265, 590 A.2d 774, 776 (1991). Therefore, the trial court erred in deferring adjudication and disposition absent the consent of the Commonwealth. By utilizing this disposi-

tion, the court clearly subverted the legislative intent of the act. *See id.* (finding that it is contrary to law to deny certification to a juvenile charged with a serious delinquent act and then utilize a pre-adjudicatory provision of the adult Crimes Code to evade the express provisions of the Juvenile Act). Thus, we must reverse and remand the trial court's disposition. On remand, because the Commonwealth has objected the placement of the juvenile on supervised probation, the court is left with three alternatives: (1) to dismiss the delinquency petition upon a finding of a lack of evidence; (2) to adjudicate the juvenile delinquent; or (3) to certify the juvenile as an adult based on the appropriate factors. *Id.*

¶ 5 Order reversed. Case remanded for proceedings consistent with this opinion. Motion to quash denied. Jurisdiction relinquished.