**COMMONWEALTH of Kentucky, Appellant,**

v.

**C.J., A Child, Appellee.**

**No. 2002–SC–1009–DG.**

Supreme Court of Kentucky.

Feb. 17, 2005.

Gregory D. Stumbo, Attorney General of Kentucky, Teresa Young, Jeanne Anderson, Special Assistant Attorneys General, Louisville, Counsel for Appellant.

Daniel T. Goyette, Frank William Heft, Jr., Office of the Louisville Metro Public Defender, Louisville, Counsel for Appellee.

Opinion of the Court by Justice JOHNSTONE.

In January 2001, C.J., a student at Shawnee High School in Louisville, pulled a "butterfly knife" on another student during a verbal altercation. After being Mirandized, C.J. gave a statement admitting to having the knife on school property. When C.J. voiced an intention to kill himself, he was admitted to Norton–Kosair

Hospital where he remained for eight days. C.J. thereafter resumed attendance at Shawnee High School.

C.J. was subsequently charged with unlawful possession of a weapon on school property and second-degree wanton endangerment. At his arraignment in the juvenile session of the Jefferson District Court, the court denied the Commonwealth's motion to detain C.J., and instead ruled that the case be resolved by informal adjustment pursuant to KRS 610.100(3).[1] The Commonwealth objected on the grounds that the victim, Shawnee High School, had not been notified or consulted as required by statute. Nonetheless, the juvenile court requested that a public defender step in and explain to C.J. the process of an informal adjustment. C.J. thereafter agreed to surrender his knife, to continue the counseling he had begun after the incident, and to perform ten hours of community service within thirty days.

The Commonwealth then attempted to appeal the juvenile court's decision. However, both the Jefferson Circuit Court and the Court of Appeals held that no appeal may be taken from an informal adjustment. This Court thereafter granted discretionary review.

The sole issue[2] before us is whether the Unified Juvenile Code allows for an appeal from an informal adjustment by the juvenile court. The question is one of statutory interpretation, specifically whether an informal adjustment constitutes a final action by the juvenile court. We conclude that it does not.

KRS 23A.080(1) provides that "[a] direct appeal may be taken from District Court to Circuit Court from any final action of the District Court." With regard to the Juvenile Code, the legislature has specifically designated what types of proceedings are subject to appeal. KRS 620.155 (appeal by any interested party aggrieved by a proceeding under KRS 610.010(1)(e), involving a dependent, neglected, or abused child); KRS 625.110 (an order or judgment involuntarily terminating parental rights); KRS 610.130 (dispositional orders, as defined in KRS 610.110, pertaining to status and public offenders). The Commonwealth focuses on the language of KRS 610.130, which provides:

> Unless otherwise exempted, an appeal to the circuit court may be taken as a matter of right from the juvenile session of the district court from dispositional orders under KRS 610.110. The appeal shall be taken in the manner provided in the Rules of Criminal Procedure, and the circuit court shall, in the best interest of the child, hear such cases expeditiously.

The Commonwealth posits that the language of KRS 610.130 is permissive rather than restrictive, and therefore an informal adjustment is a final disposition although not included within the dispositional orders under KRS 610.110.

Because C.J. was brought before the juvenile court as a public offender, we agree that he would have fallen within the scope of KRS 610.130 had the charges against him been adjudicated and subject

---

1. KRS 610.100(3) provides: "Upon the court's motion or the motion of any party, an informal adjustment may be made at any time during the proceedings and with the victim and with those persons specified in KRS 610.070 having prior notification of the motion."

2. The Commonwealth raises a second argument concerning the merits of the informal adjustment, and specifically, whether the juvenile court followed the statutory requirements. However, the issue was not properly preserved in the lower courts and will not be addressed herein.

to a dispositional order. However, by its definition, an informal adjustment is neither an adjudication nor disposition. Rather, KRS 600.020(28) defines an "informal adjustment" as:

> [A]n agreement reached among the parties, with consultation, but not the consent, of the victim of the crime or other persons specified in KRS 610.070 if the victim chooses not to or is unable to participate, after a petition has been filed, which is approved by the court, that the best interest of the child would be served *without formal adjudication and disposition* [.]

(Emphasis added). Clearly, by its plain language, an informal adjustment is not "a final or appealable ... order adjudicating all the rights of all the parties in an action or proceeding ...." CR 54.01.

Looking beyond the technical language of the statute, we consider also the practical ramifications of our conclusion. As stated by the Court of Appeals in this case:

> An informal adjustment is ... a conditional agreement to abate the petition against the juvenile defendant. While the conditions are pending, the matter is simply in abeyance. If the juvenile satisfies the conditions, agreed to by the parties and approved by the court, then no further action is taken on the petition. At no point is there a final action by the district court; there is rather a decision not to act. And there is no disposition (for which both adjudication and dispositional hearings are required), as is indicated by the fact that KRS 610.110 (on juvenile dispositions) includes no reference to informal adjustments.

*See also Commonwealth v. S.M.*, 769 A.2d 542, 544 (Pa.2001) ("[i]f a trial court wishes to supervise a juvenile for a period of time prior to entering a final order, the Juvenile Act provides several alternatives by which to do so, including informal adjustment....").

There is simply no language in Kentucky's Juvenile Code authorizing an appeal of an informal adjustment. Had the legislature intended to include such language, it certainly could have done so. By omitting informal adjustments from those matters that are appealable, the inference is that the legislature intended no appeal be allowed from an informal adjustment by the juvenile court. *Bailey v. Reeves*, 662 S.W.2d 832 (Ky.1984); *Smith v. Wedding*, 303 S.W.2d 322 (Ky.1957).

Because no appeal from an informal adjustment is available, the Commonwealth, if it desires review of such action, is required to bring an original proceeding in the circuit court in the nature of a writ of mandamus or prohibition. *Commonwealth v. Williams*, 995 S.W.2d 400 (Ky.App. 1999); SCR 1.040(6); CR 81.

For the foregoing reasons, the decision of the Court of Appeals is affirmed.

LAMBERT, C.J.; COOPER, GRAVES, SCOTT, and WINTERSHEIMER, JJ., concur.

KELLER, J., dissents by separate opinion.

Dissenting opinion by Justice KELLER.

Although I agree with the majority's analysis on the ability to appeal from an informal adjustment, I dissent because the juvenile court did not make an informal adjustment of C.J.'s case, a dispositive issue that the majority avoids. An "informal adjustment"

> means an *agreement reached among the parties*, with consultation, but not the consent, of the victim of the crime or other persons specified in KRS 610.070 if the victim chooses not to or is unable

to participate, after a petition has been filed, which is approved by the court, that the best interest of the child would be served without formal adjudication or disposition.[1]

The Commonwealth, undisputedly *a party,* did not agree to an informal adjustment; therefore, it was not possible for the juvenile court to informally adjust C.J.'s case. Accordingly, by "adjusting" the case over the Commonwealth's objection, the juvenile court in effect entered a formal adjudication and disposition, and thus the Commonwealth had the right to appeal from the juvenile court's disposition of C.J.'s case.[2]

1. KRS 600.020(31) (emphasis added).

