J-A33034-15

2016 PA Super 86

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
  :           PENNSYLVANIA
           Appellee   :
  :
           v.   :
  :
B.H., A MINOR,   :
  :
           Appellant   :     No. 990 EDA 2015

Appeal from the Dispositional Order Entered May 2, 2015,
in the Court of Common Pleas of Chester County,
Criminal Division at No(s): CP-15-JV-0000339-2013

BEFORE: FORD ELLIOTT, P.J.E., STABILE, STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:            **FILED APRIL 14, 2016**

B.H. (Appellant) appeals from the dispositional order entered on May 2, 2014, following his adjudication for the crimes of sexual assault and rape.[1] After careful review, we are constrained to vacate the juvenile court's dispositional orders and remand for further proceedings.

On May 11, 2013, Appellant, then 17 years of age, engaged in sexual intercourse with another minor without the victim's consent. As a result, the Chester County Juvenile Probation Department filed a delinquency petition

---

[1] Appellant purports to appeal from the order denying his post-disposition motions. However, the appeal properly lies from the dispositional order entered on May 2, 2014. We have corrected the caption accordingly. *See* 42 Pa.C.S. § 6341, Comment ("Findings of delinquency or deprivation, as well as the orders of disposition, are orders of the common pleas court and as such are appealable to the Superior Court as a matter of right under Article V, Section 9 of the Pennsylvania Constitution.")

* Retired Senior Judge assigned to the Superior Court.

(petition 130576) against Appellant, charging him with two counts of rape, two counts of aggravated indecent assault, and two counts of indecent assault.

On November 15, 2013, Appellant appeared before the Honorable John H. Hall to enter an admission on both petition 130576 and a second, unrelated delinquency petition.[2] With respect to petition 130576, Appellant, the Commonwealth, and the victim agreed "to amend the petition to add a charge of sexual assault […] a felony of the second degree" and "for an adjudication on [the amended charge of sexual assault,] with a finding of fact without an adjudication on the charge of rape [… a] felony of the first degree." N.T., 11/15/2013, at 2-3. The agreement provided that all other charges enumerated in petition 130576 would be withdrawn. *Id.* As evidence of his acceptance of the agreement, Appellant, through counsel, submitted an admission form pursuant to Pa.R.J.C.P. 407, which outlined the agreement, *see* Admission Form, 11/16/2013, at 1,[3] as well as a post-disposition rights form.

The terms of the agreement on petition 130576 provided that Appellant's disposition be "deferred" and Appellant agreed to participate in a

---

[2] This second petition, 130623, and its disposition, are not at issue in this appeal.

[3] Although the admission form contained in the certified record is dated November 16, 2013, the record makes clear that this form was presented to and accepted by the juvenile court at the November 15, 2013 hearing.

GPS monitoring program and substance abuse rehabilitation and to abide by the terms and conditions of both programs. *See* Order, 11/21/2013.

The agreement specifically left open the possibility that the finding of fact as to the rape charge could be converted into an adjudication if Appellant failed to comply with the terms of the agreement, at which time Appellant would be required to register as a sex offender. In acceptance of this arrangement, Appellant executed and submitted an addendum to the admission form outlining his rights and obligations under the Sex Offender Registration and Notification Act (SORNA).[4] Addendum to Admissions Form Sexual Offender Registration And/Or Act 21 Colloquy, 11/16/2013, at 1.[5]

This agreement was accepted by the juvenile court, which proceeded to an oral colloquy of Appellant, wherein Appellant stated that he understood the nature of the charges to which he made the admission and the terms of the agreement proffered by the Commonwealth. N.T., 11/15/2013, 5-8, 20-24. An order outlining the terms of the agreement was entered by the juvenile court on November 21, 2013. The order states, in relevant part, as follows.

---

[4] 42 Pa.C.S. §§ 9799.10-9799.41.

[5] Again, although the addendum to the admission form contained in the certified record is dated November 16, 2013, the record makes clear that this form was presented to and accepted by the juvenile court at the November 15, 2013 hearing.

Petition #130576- Upon agreement of all parties, the petition is amended to include the charge of Sexual Assault 18 Pa.C.S. § 3124.1 (F2). An adjudication of delinquency is entered on that offense. As a result of the adjudication on this date, this case is eligible for limited public inspection. A finding of fact without an adjudication is entered on the charge of Rape 18 Pa.C.S. § 3121(a)(3) (F1). In relation to this petition, the child shall:

    A. Remain under the supervision of the Court until age 21
    B. Submit to DNA collection and pay the $250.00 collection fee
    C. Pay restitution of $478.68
    D. Pay $4,009.00 (Four Thousand Nine Dollars) lab fee to Pennsylvania State Police DNA Lab

* * *

Petition #130576… - Disposition is deferred. Pending further hearing or Order of the [c]ourt, said child shall be placed on the GPS monitor and shall abide by the following conditions:

    A. Call and Report to your Probation Officer as directed
    B. Submit random urine samples for substance abuse testing, in accordance with Chester County Juvenile Court Policy
    C. Do not leave the County or State without permission from the Juvenile Probation Department
    D. No possession of any firearms
    E. No possession or use of any illegal drugs, alcohol or drug paraphernalia
    F. Comply with all municipal, county, state and federal laws or ordinances
    G. Report any change of address, phone number, employment; school or status in the community
    H. Report any contact with law enforcement to the Juvenile Probation Office
    I. Have no contact with other known offenders, co-defendants or victims
    J. Allow the Probation Officer to visit at residence, school or place of employment
    K. Have no attendance or discipline problems at school

        L. Pay [c]ourt costs or perform community service in lieu of [c]ourt costs
        M. Abide by all reasonable household rules and curfew
        N. Submit to police processing on each petition within thirty days, unless already completed
        O. Undergo a forensic evaluation
        P. Participate in the Evening Reporting Center (ERC) program
        Q. Continue to participate in Rehab After Work Intensive Outpatient Counseling
        R. Continue to participate in individual therapy with Delaware County Professional Services
        S. Have no unsupervised contact with children two or more years younger
        T. Not to possess, view, or access pornography of any type
        U. Have no contact with the victim(s) or their family members
        V. Have no unsupervised internet access until deemed appropriate by Probation Officer and /or treatment team
        W. No possession of internet accessing devices

    5. The use of the GPS monitor and ERC program are necessary in an attempt to prevent removal from the home.

    6. If [Appellant] tests positive for any illegal substances in two weeks, he shall immediately be detained by the Probation Officer.

Order, 11/21/2013, at 1-2.

On December 4, 2013, Appellant was detained by his probation officer for violating the conditions of the November 15, 2013 agreement. Specifically, it was alleged that Appellant had tested positive for marijuana, had violated the GPS program by having another juvenile in his car, and had harassed his rape victim's family by pointing, laughing, and making faces at them as they drove by. On December 6, 2013, following a hearing, the

juvenile master found that Appellant was in violation of the GPS program and continued his detention. On December 11, 2013, as a result of the master's finding and upon agreement of the parties, the juvenile court once again deferred disposition of petition 130576 but ordered Appellant to receive inpatient drug and alcohol treatment at the Caron Foundation.

On January 17, 2014, following Appellant's release from Caron, the juvenile court held a detention hearing. At this hearing the juvenile court heard testimony regarding a status update posted by Appellant to his public social media account on the morning of the hearing which read "I'm back bitches." N.T., 1/17/2014, at 5. This status update was seen by the victim. As a result, the Commonwealth recommended that disposition be entered against Appellant. *Id.* at 6. The juvenile court declined to accept the Commonwealth's recommendation, choosing instead to "defer disposition" on petition 130576 and to renew Appellant's participation in the GPS program. *Id.* at 48-53.

On February 27, 2014, following a disposition hearing held that day,[6] the juvenile court released Appellant from the GPS program and placed him on probation. The rape charge remained a finding of fact without

---

[6] At this hearing, juvenile probation reported that while Appellant had been actively participating in both the GPS program and an intensive outpatient rehabilitation program, he had a number of "nuisance violations," such as accessing the Internet without permission or supervision and unexcused school absences. N.T., 2/27/2014, at 3-13. Due to these continuing violations, the Commonwealth requested the court consider a harsher penalty than probation. *Id*. 4-5.

adjudication; however, the court cautioned Appellant that "if you keep having these so-called nuisance issues, eventually they are going to add up to a material breach of the supervision of the [court] and you are going to be looking at having that rape finding of fact converted to an adjudication and all that that implies, including the SORNA registration." N.T., 2/27/2014, at 27-28.

On March 28, 2014, Appellant was again detained by his probation officer for violations of his conditions of supervision. Specifically, Appellant was late to his sex offender treatment group, was observed accessing social media without supervision or permission, was observed sending text messages in school, and was in possession of two cell phones, including one with text message capability and access to the Internet. N.T., 3/31/2014, at 1-6. On March 31, 2014, following a hearing, the juvenile master found Appellant in violation of probation and continued his detention. Once more, Appellant was warned about the consequences further violations would have on his rape finding of fact. *Id.* at 14.

On April 8, 2014, Appellant was released and placed back on the GPS program. On April 14, 2014, Appellant was detained for a third time due to another violation of the conditions of supervision. A hearing was held on April 17, 2014, before the Honorable Ann Marie Wheatcraft. After hearing the allegations made at the master's hearing, Judge Wheatcraft found Appellant in violation of the GPS program. In response to the

Commonwealth's request to adjudicate Appellant delinquent on the charge of rape, Judge Wheatcraft deferred that decision to Judge Hall. N.T., 4/17/2014, at 38.

On May 2, 2014, a disposition hearing was held before Judge Hall. At this hearing, the court determined that Appellant was in need of treatment, supervision, and rehabilitation under the Juvenile Act. Thus, the court adjudicated him delinquent on the rape charge and placed him in the Youth Services Agency (YSA) ACT camp residential program. N.T., 5/2/2014, at 19-22.

On May 6, 2014, Appellant filed timely post-dispositional motions. Both Appellant and the Commonwealth submitted briefs. A review hearing and oral argument were held on March 6, 2015.[7] On March 11, 2015, the juvenile court issued an order denying Appellant's motions. This appeal

---

[7] The record indicates that the juvenile court took no action on Appellant's post-dispositional motions for a number of months, in clear violation of Pa.R.J.C.P. 620(D) (requiring the court to decide post-dispositional motions "as soon as possible but within 30 days of the filing of the motion."). Thus, Appellant's motions should have been denied by operation of law and an order entered by the clerk of courts pursuant to Pa.R.J.C.P. 620(D)(3). Given these circumstances, we find Appellant's delay in filing an appeal excusable due to a breakdown in the court's operations. We further note, Appellant's appeal, which was filed within 30 days of the trial court's denial of his post-dispositional motions, was timely filed. *See* Pa.R.J.C.P. 620(B), Comment ("When a party files a timely post-dispositional motion, the 30-day period for the juvenile's direct appeal on all matters in that case is triggered by the judge's decision on the post-dispositional motion, the denial of the motion by operation of law, or the withdrawal of the post-dispositional motion. The appeal period runs from the entry of the order.") Accordingly, we decline to quash the instant appeal. *See generally Criss v. Wise*, 781 A.2d 1156 (Pa. 2001).

followed. Both Appellant and the juvenile court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review, which we have reordered for ease of disposition.

> [I.] Whether the Pennsylvania Rules of Juvenile Procedure authorize a second adjudication of delinquency of a juvenile for the same criminal conduct arising from the same criminal incident in a probation violation disposition hearing?
>
> [II.] Whether the [juvenile] court did not advise [Appellant] at the time of his admission to the charge of sexual assault, with a finding of fact on rape, how and under what circumstances he could be subsequently adjudicated delinquent by the court on the charge of rape in violation of [Appellant's] Fourteenth Amendment due process rights?
>
> [III.] Whether the juvenile court abused its discretion in adjudicating [Appellant] delinquent on the charge of rape at his probation violation disposition hearing arising from his earlier sexual assault adjudication, based solely on [Appellant's] technical violations of probation supervision which did not involve any sexual misconduct or new criminal conduct?
>
> [IV.] Whether the juvenile court's adjudication of delinquency of [Appellant] on the charge of rape at a probation violation disposition hearing violated [Appellant's] Fourteenth amendment double jeopardy rights where the court had previously adjudicated Appellant delinquent on the charge of sexual assault at a prior adjudication hearing, and both adjudications of delinquency arose from the same criminal conduct, where there was no knowing, intelligent, and voluntary waiver of [Appellant's] double jeopardy rights?

Appellant's Brief at 4-5 (unnecessary capitalization and suggested answers omitted).

We begin by noting the relevant standard of review for delinquency proceedings. "The Juvenile Act grants broad discretion to the court when

- 9 -

determining an appropriate disposition. We will not disturb a disposition absent a manifest abuse of discretion." ***In re J.G.***, 45 A.3d 1118, 1120 (Pa. Super 2012) (citations and quotations omitted).

It is well-settled that

> [a] petition alleging that a child is delinquent must be disposed of in accordance with the Juvenile Act. **Dispositions which are not set forth in the Act are beyond the power of the juvenile court**.
>
>> In enacting the Juvenile Act, the Legislature set forth a comprehensive scheme for the treatment of juveniles who commit offenses which would constitute crimes if committed by adults. The purposes and procedures of the juvenile system differ significantly from those of the adult criminal system…. [T]he purpose of juvenile proceedings is to seek "treatment, reformation and rehabilitation of the youthful offender, not to punish." A proceeding may be commenced in the juvenile system by the filing of a petition alleging that the juvenile is delinquent. Upon the filing of such a petition, the court must hold an adjudicatory hearing to hear evidence on the petition and following the completion of the hearing, the court is required to make and file its findings as to whether the acts ascribed to the child were committed by him. If the court finds that the allegations of delinquency have not been established, it must dismiss the petition and order the child discharged from detention. On the other hand, if the court finds proof beyond a reasonable doubt that the child committed the acts, it must enter such a finding on the record and proceed to hear evidence of whether the child is in need of treatment, supervision, or rehabilitation. Evidence of the commission of a felony is sufficient to sustain a finding that a child is in need of treatment, supervision or rehabilitation.
>
>> The legislature provided only one alternative to the required disposition scheme described above, the

> consent decree. When the Juvenile Act originally was enacted, the legislature specified that after the filing of a petition alleging delinquency but before the entry of an adjudicatory order, the court could suspend the proceedings and continue the child under supervision subject to conditions negotiated with the probation services. Under such an order, known as a consent decree, a child was discharged if he fulfilled the terms and conditions of the decree.

*Commonwealth v. S.M.*, 769 A.2d 542, 544 (Pa. Super. 2001) (emphasis added; citations omitted).

Although the agreement entered into in this case bears similarities to a consent decree, it is clear from the record that Appellant tendered an admission, pursuant to Pa.R.J.C.P. 407, on November 15, 2013. Under the Rules, following acceptance of a juvenile admission, the juvenile court shall "enter a finding by specifying which, if any, offenses, including grading and counts, alleged in the petition were committed by the juvenile." Pa.R.J.C.P. 408. Thereafter, the juvenile court must determine "if the juvenile is in need of treatment, supervision, or rehabilitation." Pa.R.J.C.P. 409. If the court determines that the juvenile is in need of treatment, the court "shall enter an order adjudicating the juvenile delinquent and proceed in determining a proper disposition." *Id.* The Juvenile Act gives wide latitude to the juvenile court in fashioning an order of disposition. *See* 42 Pa.C.S. § 6352. For example, the court may place the child "on probation under supervision of the probation officer of the court … under conditions and limitations the court prescribes," may commit the child to an institution or other facility for

delinquent children, or may order payment of fines, costs, fees and restitution. *Id.*

We note at the outset that neither the Rules nor the Juvenile Act permits the juvenile court to make a finding of fact with respect to any charges enumerated in a delinquency petition. Further, while we recognize that the court may, upon agreement of the parties, extend the timeframe for adjudicating the juvenile delinquent, Pa.R.J.C.P. 409(C), and may, where necessary, continue the juvenile dispositional hearing, Pa.R.J.C.P. 510(B), only in the case of a consent decree may the court "suspend the proceedings and continue the juvenile under supervision in the juvenile's home, under terms and conditions negotiated with the juvenile probation office." Pa.R.J.C.P. 370.

Although the parties herein consented to the adjudication and finding-of-fact with deferred disposition scheme at the November 15, 2013 hearing, such an agreement is not permitted under the Rules and is, therefore, invalid. *See S.M.*, 769 A.2d at 544. Therefore, we hold that the juvenile court committed a manifest abuse of discretion by accepting and implementing the instant agreement. Accordingly, we must vacate both the May 2, 2014, and November 21, 2013, orders of court.[8]

Orders vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

---

[8] Based upon our resolution, we need not address Appellant's remaining questions.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2016