J-A06001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: A.W., A JUVENILE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: A.W., A JUVENILE | |
| | No. 836 EDA 2016 |

Appeal from the Order February 5, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-JV-00000303-2015

BEFORE:  PANELLA, J., SHOGAN, J., and RANSOM, J.

MEMORANDUM BY PANELLA, J.                              **FILED MAY 18, 2017**

Appellant, A.W., appeals from the order entered in the Delaware County Court of Common Pleas, following his adjudication of delinquency on charges of possession with intent to distribute ("PWID").[1] No relief is due.

A.W. is a student at Radnor High School. On March 23, 2015, another student, J.C., observed what she believed to be a drug deal between A.W. and a third student, S.M. J.C. reported what she saw to the school's administrators, who pulled A.W. and S.M. from their classes and separately interviewed them. S.M. confessed to buying 13 Adderall[2] pills from A.W., in

---

[1] 35 P.S. § 780-113(a)(30).

[2] "Adderall is a form of amphetamine" and its use "can cause feelings of energy and invigoration, similar to the high experienced by cocaine users."
*(Footnote Continued Next Page)*

exchange for $65 in cash. Administrators found the Adderall pills in S.M.'s bag. A.W. denied involvement in any drug deal. But when they searched A.W. and his belongings, the administrators found $81 on A.W.'s person, with $65 set apart from the rest of the money he was carrying.

The Commonwealth charged A.W. with PWID and other related offenses. At the adjudicatory hearing, the court heard testimony from J.C., S.M., a Radnor High School administrator who questioned A.W., and one of the police officers who responded to the incident. Defense counsel elicited testimony on cross-examination revealing J.C.'s sister had previously dated A.W. Also on cross-examination, S.M. divulged she was a former friend of J.C.'s sister.

A.W. testified in his defense. In response to questions from defense counsel, A.W. asserted he sold a video game for $65 on behalf of another friend. A.W. claimed he spent the lunch period on the day of the alleged drug deal eating with another girl, and that J.C. and S.M. concocted the story about a drug deal and testified against him in order to exact revenge for his decision to break up with one of their friends. Defense counsel asked A.W. several questions about the money and the video game, until the prosecution objected to certain inquiries as irrelevant. The court sustained these objections over defense counsel's protest, and stated:

*(Footnote Continued)* ————————

The Effects of Adderall Use, available at http://drugabuse.com/library/the-effects-of-adderall-use/ (last visited 4/19/17) (emphasis omitted).

> [C]ounsel, it's clear that you're indicating that he had the money for a particular purpose … I don't find anything else with respect to your line of questioning about what was this money for, what he was going to do to be relevant at this time, counsel. So I don't think you're advancing the inquiry here by going into the details about this transaction. He had the $90 in his wallet because he sold a gaming system for someone. That was clear. That's allowed.

N.T., Adjudicatory Hearing, 10/15/15, at 122.

The court also declined to permit defense counsel to call A.W.'s mother to testify about the sale of the gaming system. Defense counsel then requested a continuance in order to issue a subpoena to A.W.'s alleged alibi witness. The court noted that the adjudicatory hearing date had been set months in advance and that defense counsel had plenty of opportunity to secure the witness's appearance before denying counsel's request for a continuance. The hearing concluded, and the court adjudicated A.W. delinquent on charges of PWID.[3]

A.W. filed a post-dispositional motion, which the juvenile court ultimately denied.[4] A.W. filed the instant appeal.

_____

[3] All other related offenses were dismissed at trial.

[4] We note that A.W. timely filed his post-dispositional motion from the juvenile court's adjudication of delinquency. The juvenile court held a hearing, granting in part and denying in part the motion before scheduling an additional hearing, which took place over two months later. Rule 620 of Juvenile Court Procedure requires the court to decide post-dispositional motions within 30 days of the *filing* of the motion. Pa.R.J.C.P. 620(D). A.W.'s motion should have been denied by operation of law, with the clerk of courts entering an order pursuant to this rule. However, in light of the

*(Footnote Continued Next Page)*

We will disturb a juvenile court's disposition only upon a showing of a manifest abuse of discretion. ***See In re R.D.***, 44 A.3d 657, 664 (Pa. Super. 2012).

On appeal, A.W. argues the juvenile court violated his rights under Article I, § 9 of the Pennsylvania Constitution, and under the Due Process Clause of the United States Constitution, when it prevented A.W. from testifying in greater detail about the source of the $65 he possessed. The juvenile court concluded this testimony was irrelevant, and thus inadmissible at trial.

"The [a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." ***In re F.P.***, 878 A.2d 91, 93 (Pa. Super. 2005) (citation omitted).

"Relevance is the threshold for admissibility of evidence." ***Commonwealth v. Tyson***, 119 A.3d 353, 358 (Pa. Super. 2015) (citation omitted). The Pennsylvania Rules of Evidence provide the following test for relevant evidence:

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

*(Footnote Continued)* ————————————

circumstances, we find A.W.'s delay in filing an appeal excusable. ***See Commonwealth v. B.H.***, 138 A.3d 15, 19 fn. 7 (Pa. Super. 2016).

(b) the fact is of consequence in determining the action.

Pa.R.E. 401.

"All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." **Tyson**, 119 A.3d at 358. "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

Instantly, A.W. blatantly mischaracterizes the juvenile court's actions in permitting him to present his defense.[5] Contrary to A.W.'s assertion that he was wholly "disallowed … the opportunity to explain the critical cash," the juvenile court allowed A.W. to testify that he received the money after selling a video game online for a friend. Appellant's Brief at 12. A.W. testified that he sold a Nintendo 3DS for a friend on Amazon.com. **See** N.T., Adjudicatory Hearing, 10/15/15, at 119. A.W. recalled that he received $65 for the game, which he intended to present to his friend. **See id**., at 118.

What the juvenile court did not do, however, was permit A.W. to present off-topic and circuitous testimony about the alleged sale of the video

---

[5] We have to comment on the appellate brief filed by Richard Blasetti, Esquire, on Appellant's behalf. Apart from the summary, flimsy argument, the brief itself is riddled with spelling and grammatical errors; counsel also misrepresents or misstates material facts, including the charges A.W. was adjudicated delinquent on.

game itself. The prosecution objected to the relevance of why A.W. chose to sell the game for his friend; the court sustained the objection, as defense counsel was unable to articulate any reason why such testimony would be relevant to A.W.'s reason for having $81 in his pocket. ***See id***., at 119. Similarly, the juvenile court found defense counsel's questions about the mechanics of how the purported transaction occurred on Amazon.com to be irrelevant. ***See id***., at 120. Additionally, the trial court did not permit counsel to introduce documents pertaining to the sale, as these were not authenticated, and were offered to prove that A.W. did sell the game. ***See id***., at 122.

We find A.W.'s assertion that he was prevented from offering comprehensive testimony on how he obtained the money in his wallet to be flatly contradicted by the record. As the juvenile court was easily able to discern the crux of A.W.'s argument—that he had the money in his wallet because he sold the gaming system for another person—A.W.'s desire to present needless, irrelevant information was properly overridden. ***See*** Pa.R.E. 401; ***Tyson***, 119 A.3d at 358. Thus, we find the court committed no abuse of discretion by excluding this testimony. ***See In re F.P.***, 878 A.2d at 93. Accordingly, we affirm the court's disposition adjudicating A.W. delinquent.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2017